# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NASHAILY ORTIZ, ISAURA LOPEZ, RUBEN LEMUS NAJARRO, NASHEMIR ORTIZ, and ADRIANNA GAMBOA, on behalf of themselves and others similarly situated, | Case No.: 1:22-cv-08957 (GWG) |
| Plaintiffs, | |
| v . | |
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., CE SOLUTIONS GROUP, LLC, CE SOLUTIONS INC., CE FLAGGING PLUS CORP., CE RESERVE CORP., FLAGGING SPOTTING FLIPPING SERVICES INC., ARGANI INC., NYC 2WAY INTERNATIONAL LTD. d/b/a CTG CARS LLC, CONCORD LIMOUSINE INC., CONCORD LIMOUSINE 1, LLC, JEANNINE NAPOLEONE-COLBERT, in her individual and professional capacities, HASSAN SABLINI, in his individual and professional capacities, EDWARD SLININ, in his individual and professional capacities, DORA SLININ, in her individual and professional capacities, GARY SAMUEL, in his individual and professional capacities, and ALEXANDER GAVRILOV, in his individual and professional capacities, | |
| Defendants. | |

# CE SOLUTIONS GROUP, LLC, CE SOLUTIONS INC., NYC 2WAY INTERNATIONAL LTD. d/b/a CTG CARS LLC, JEANNINE NAPOLEONE-COLBERT, EDWARD SLININ, AND DORA SLININ'S
## MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
### TO DISMISS THE COMPLAINT

PHILLIPS NIZER LLP
485 Lexington Avenue, 14th Floor
New York, NY 10017
(212) 977-9700

*Attorneys for Defendants CE Solutions Group, LLC, CE Solutions, Inc.,* NYC 2WAY INTERNATIONAL LTD. d/b/a CTG CARS LLC, *Jeannine Napoleone-Colbert, Edward Slinin, and Dora Slinin*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ............................................................................................................................. 3

I.    Standard FOR DISMISSAL Under rule 12(6) of the federal rules of civil
procedure................................................................................................................. 3

II.   THE COMPLAINT IS AMBIGUOUS AND UNCLEAR AS TO WHICH
CLAIMS FOR RELIEF APPLY TO WHICH DEFENDANTS. ....................................... 3

III.  PLAINTIFFS WERE NOT EMPLOYED BY CESG AND THEREFORE,
CANNOT PURSUE CLAIMS AGAINST THE CESG DEFENDANTS UNDER
THE FLSA or NYLL ................................................................................................. 6

   A.   THE CESG DEFENDANTS ARE NOT JOINT EMPLOYERS. ................................. 6

   B.   AT NO POINT WERE THE PLAINTIFFS "JOINTLY EMPLOYED" BY
CESG. ................................................................................................................ 9

   i.   Plaintiffs Did Not Allege That CESG Defendants Have The Power To Hire Or
Fire The Plaintiffs ................................................................................................. 9

   ii.  Plaintiffs Did Not Allege CESG Defendants Supervised Or Controlled The
Plaintiffs' Work Schedules Or Conditions Of Employment ....................................... 10

   iii.  There Is No Claim That CESG Defendants Maintained Plaintiffs' Employee
Records ................................................................................................................. 12

IV.  PLAINTIFFS' PREVAILING WAGE CLAIMS SHOULD BE DISMISSED ............... 13

   A.   PLAINTIFFS CANNOT PREVAIL ON THEIR BREACH OF CONTRACT
AND QUASI CONTRACT CLAIMS .................................................................... 13

   B.   PLAINTIFFS CANNOT PREVAIL ON THEIR PREVAILING WAGE CLAIM
UNDER § 220 BECAUSE PLAINTIFFS' WORK FOR CONED WAS NOT
ON "PUBLIC WORKS." ..................................................................................... 14

   C.   PLAINTIFFS CANNOT SUCCEED ON THEIR PREVAILING WAGE
CLAIMS BECAUSE NEW YORK CITY'S STREET EXCAVATION
PERMITS DO NOT CREATE AN INDEPENDENT OBLIGATION TO PAY
PREVAILING WAGES. ...................................................................................... 16

   D.   PLAINTIFFS CANNOT PREVAIL ON THEIR PREVAILING WAGE
CLAIMS BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION TO
ENFORCE SUCH CLAIMS. ............................................................................... 16

V.   PLAINTIFFS CANNOT PURSUE CLASS-WIDE STATUTORY PENALTIES
UNDER C.P.L.R. § 901(b) ...................................................................................... 17

VI.  PLAINTIFFS DO NOT ALLEGE THEY WERE "FREELANCERS" AND
THEREFORE CANNOT STATE A CLAIM UNDER NEW YORK'S
"FREELANCE ISN'T FREE ACT." ......................................................................... 18

CONCLUSION........................................................................................................................ 19

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Water Res., LLC v. Liu*,
    41 Misc. 3d 963 (Sup. Ct. N.Y. Cnty. 2013) ........................................................15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................3

*Barfield v. New York City Health & Hospitals Corp.*,
    537 F.3d 132 (2d Cir. 2008).......................................................................................6

*Carter v. Dutchess Cmty. Coll.*,
    735 F.2d 8 (2d Cir. 1984)..........................................................................................9

*Consolidated Edison Co. of N.Y. v. Pub. Serv. Comm'n*,
    447 U.S. 530 (1980)................................................................................................14

*Couch v. New York Daily News Co.*,
    No. 19 CV 5903 (ENV) (ST), 2021 WL 7448476 (E.D.N.Y. Mar. 23, 2021) ..........7

*Diamond Asphalt Corp. v. Sander*,
    92 N.Y.2d 244 (1998) .............................................................................................15

*Diaz v. City Univ. of New York*,
    No. 13 CV 2038 (PAC) (MHD), 2014 WL 10417871 (S.D.N.Y. Nov. 10,
    2014) ........................................................................................................................7

*Diaz v. Consortium for Worker Educ., Inc.*,
    No. 10-cv-1848, 2010 WL 3910280 (S.D.N.Y. Sept. 28, 2010) ............................12

*Dominguez v. WRS Envtl. Servs., Inc.*,
    No. 157820/2017, 2019 WL 2371886 (Sup. Ct. N.Y. Cnty. June 3, 2019).....................14, 16

*Erie Cnty. Indus. Dev. Agency v. Roberts*,
    94 A.D.2d 532 (4th Dep't 1983) .............................................................................15

*Fallon v. 18 Greenwich Avenue, LLC*,
    2021 WL 1105066 (S.D.N.Y Mar. 23, 2021) ...............................................3, 5, 7

*Fernandez v. HR Parking, Inc.*,
    407 F. Supp. 3d 445 (S.D.N.Y. 2019).....................................................................10

*Gebhardt v. Allspect, Inc.*,
    96 F. Supp. 2d 331 (S.D.N.Y. 2000)........................................................................3

*Gibbs v. MLK Express Servs., LLC*,
　No. 18-cv-434, 2019 WL 2635746 (M.D. Fla. June 27, 2019) .............................................12

*Girard v. International Association of Approved Basketball Officials, Inc.*,
　840 Fed. App'x 635 (2d Cir. 2021)...........................................................................................11

*Godlewska v. Human Dev. Ass'n, Inc.*,
　916 F. Supp. 2d 246 (E.D.N.Y. 2013) ...............................................................................10, 12

*Hart v. Rick's Cabaret Int'l, Inc.*,
　967 F. Supp. 2d 901 (S.D.N.Y 2013)........................................................................................6

*Hauptman v. Helena Rubinstein, Inc.*,
　114 Misc. 2d 935 (Sup. Ct. N.Y. Cnty. 1982) .......................................................................17

*Herman v. RSR Sec. Servs. Ltd.*,
　172 F.3d 132 (2d Cir. 1999)......................................................................................................9

*Hugee v. SJC Group, Inc.*,
　No. 13-cv-423, 2013 WL 4399226 (S.D.N.Y. Aug. 14, 2013)................................................12

*Hunter v. Planned Bldg. Servs., Inc.*,
　2018 WL 3392476 (Sup. Ct. Queens Cnty. June 20, 2018).....................................................17

*Irizarry v. Catsimatidis*,
　722 F.3d 99 (2d Cir. 2013)..................................................................................................9, 11

*Jara v. Strong Steel Door, Inc.*,
　2008 WL 3823769 (Sup. Ct. Kings Cnty. Aug. 15, 2008) ......................................................13

*Jean-Louis v. Metropolitan Cable Commc'ns, Inc.*,
　838 F. Supp. 2d 111 (S.D.N.Y. 2011)......................................................................................10

*Korenblum v. Citigroup*,
　195 F. Supp. 3d 475 (S.D.N.Y. 2016)......................................................................................12

*Lennon v. Philip Morris Companies, Inc.*,
　189 Misc. 2d 577 (Sup. Ct. N.Y. Cnty. 2001) ........................................................................17

*Manchanda v. Navient Student Loans*,
　No. 19-CV-5121, 2020 WL 5802238 (S.D.N.Y. Sept. 29, 2020)..............................................3

*Martin v. Sprint United Mgmt. Co.*,
　273 F. Supp. 3d 404 (S.D.N.Y. 2017)......................................................................................10

*Nat'l R.R. Passenger Corp. v. Hartnett*,
　169 A.D.2d 127 (3d Dep't 1991) ............................................................................................15

*Nelson v. FedEx Ground Package Sys.*,
No. 18-cv-1378, 2019 WL 1437765 (D. Colo. Feb. 8, 2019)..................................................11

*OneWest Bank N.A. v. Lehman Bros. Holding Inc.*,
*No.* 14-CV-8916, 2015 WL 1808947 (S.D.N.Y. Apr. 20, 2015)..............................................4

*Ovadia v. Office of Indus. Bd. of Appeals*,
19 N.Y.3d 138 (2012) .............................................................................................................9

*Pesantez v. Boyle Envtl. Servs., Inc.*,
673 N.Y.S.2d 659 (1st Dep't 1998) .......................................................................................17

*Reznick v. Bluegreen Resorts Mgmt., Inc.*,
154 A.D.3d 891 (2d Dep't 2017) ...........................................................................................13

*Saleem v. Corporate Transportation Group*,
52 F. Supp. 3d 526 (S.D.N.Y. 2014).......................................................................................9

*Spicer v. Pier Sixty LLC*,
269 F.R.D. 321 (S.D.N.Y. 2010) ............................................................................................6

*Torrenegra v. Grameen Am., Inc.*,
No. 15-CV-3153 (RER), 2017 WL 1401291 (E.D.N.Y. Apr. 19, 2017)..................................6

*Valcarcel v. First Quality Maint.*,
2013 WL 5832545 (Sup. Ct. Queens Cnty. Oct. 15, 2013) .....................................................8

*Vargas v. Citi Parking, Inc.*,
2021 WL 1391287 (Sup. Ct. N.Y. Cnty. Apr. 12, 2021) ......................................................18

*Varn v. Orchestrade, Inc.*,
No. 19-CV-2875 (MKB), 2022 WL 900855 (E.D.N.Y. Mar. 28, 2022) ...............................19

*W.M. Schultz Constr., Inc. v. Musolino*,
147 A.D.3d 1259 (3d Dep't 2017) ..................................................................................14, 15

*Yang v. An Ju Home, Inc.*,
No. 19-cv-5616, 2020 WL 3510683 (S.D.N.Y. June 29, 2020) .............................................12

**Statutes**

29 U.S.C. § 203 (d) ....................................................................................................................6

NYLL § 195 ................................................................................................................................2

NYLL § 195(3) .........................................................................................................................17

NYLL § 198................................................................................................................2, 17, 18

NYLL § 198(1-b) ................................................................................................17, 18

NYLL §198(1-d) ...............................................................................................17, 18

NYLL § 20 ..............................................................................................................17

NYLL § 220 .........................................................................................2, 13, 14, 15, 16

**Other Authorities**

CPLR 901(b) ......................................................................................................17, 18

CPLR § 3211(a)(1) and (a)(7) ..................................................................................16

Fed. R. Civ. P. 8(a) ...............................................................................................3, 4

Fed. R. Civ. P. 8(a)(2) ...............................................................................................3

Fed. R. Civ. P. 12(b)(6) .............................................................................................3

N.Y.C. Admin. Code § 19-142 ................................................................................16

Defendants CE Solutions, Group, LLC and CE Solutions Inc. ( together, "CESG"), NYC 2Way International LTD d/b/a CTG Cars LLC, ("Cars"), Jeannine Napoleone-Colbert ("Colbert"), Edward Slinin ("E. Slinin") and Dora Slinin ("D. Slinin") (together, the "CESG Defendants") respectfully submit this memorandum of law in support of their motion to dismiss all counts of Plaintiffs' Collective and Class Action Complaint (Doc. 1). A copy of the Complaint is annexed as Exhibit A to the accompanying Declaration of Evan Spelfogel dated May 5, 2023 ("Spelfogel Decl.").

## PRELIMINARY STATEMENT

Plaintiffs allege they worked for either defendants CE Flagging Plus Corp., CE Reserve Corp., Flagging Spotting Flipping Services, Inc., or Argani, Inc (all owned by the defendant Siblini and referred to herein as the "Argani Defendants") as traffic control flaggers and parking attendants ("Spotters") at various sites of defendant Consolidated Edison Company of New York, Inc. ("ConEd"). The Argani Defendants are subcontractors of either CESG or an unrelated entity (and competitor of CESG), Concorde Limousine I, LLC ("Concord").

Despite the separateness of these entities, Plaintiffs lump together all the Defendants in the Complaint as one and make all allegations against all Defendants (Complaint, ¶¶ 26-131). While group pleading is not prohibited under the Federal Rules, Plaintiffs' inconsistent use of the term "Defendants" throughout their Complaint fails to provide the CESG Defendants notice as to which of the 585 numbered allegations in the Complaint refer to each of them. A party runs afoul of applicable pleading standards when its Complaint fails to give each defendant notice of the claims against it. At a minimum, the CESG Defendants submit that failure to differentiate allegations as between and among the various defendants requires dismissal of the Plaintiffs' Complaint.

Even without consideration of the flawed pleading, the individual causes of action are deficient as a matter of law.

Plaintiffs' First through Ninth Causes of Action fail insofar as the cited provisions of the Fair Labor Standards Act (FLSA) and the New York Labor Law ("NYLL") only apply to employer/employee relationships, and the CESG Defendants did not, at any time, employ Plaintiffs or any other spotters or flaggers or otherwise exercise "control" over them with respect to the work performed.

Plaintiffs' Sixth and Seventh Causes of Action should be dismissed as Plaintiffs seek statutory penalties which are barred in class and collective actions under NYLL §§ 195 and 198.

Plaintiffs' Eighth Cause of Action fails insofar as it is patently clear that the CESG Defendants did not, at any time, employ Plaintiffs or any other flaggers and were not responsible for payment, payroll, or anything having to do with the terms and conditions of any contracts under which Plaintiffs worked, including their wages. Plaintiffs seek to avoid this fatal flaw by lumping together in their Complaint all of the defendants without specifying in what way each of the CESG Defendants were involved in any of the alleged wrongful conduct.

Plaintiffs' Tenth and Eleventh Causes of Action allege violations of New York City's "Freelance Isn't Free" Act. These should be dismissed because Plaintiffs allege that they were employees of the direct subcontractor employers and, thus, cannot meet the statutory definition of "freelancer."

Plaintiffs' Twelfth and Thirteenth Causes of Action seek the recovery of NYLL § 220 prevailing wages under breach of contract and unjust enrichment theories. CESG Defendants join in defendant Consolidated Edison Company of New York, Inc.'s ("Con Edison") arguments as to why those fail as a matter of law, as they are equally applicable to the claims asserted against the CESG Defendants. (Doc Nos. 53, 54). As Con Ed explains, none of the Plaintiffs' theories pursued under these causes of action (1) that Plaintiffs' work constitutes "public works" under NYLL §

220; (2) that the Contracts between CESG Defendants and Con Ed required payment of prevailing wages; and (3) that some of the projects under the contracts needed Department of Transportation ("DOT") permits which required payment of prevailing wages to "workers on excavations," have any merit.

Accordingly, all individual and class-wide allegations should be dismissed as against the CESG Defendants as Plaintiff has failed to state a claim upon which relief could be granted.

## ARGUMENT

### I. STANDARD FOR DISMISSAL UNDER RULE 12(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

A plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to avoid dismissal of the complaint for failure to state a claim under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the factual allegations of the complaint must be accepted as true, and all reasonable inferences drawn in the plaintiff's favor, the court still is not required to accept conclusory allegations or legal allegations masquerading as facts. *See Gebhardt v. Allspect, Inc.*, 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000).

### II. THE COMPLAINT IS AMBIGUOUS AND UNCLEAR AS TO WHICH CLAIMS FOR RELIEF APPLY TO WHICH DEFENDANTS.

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.] " Fed. R. Civ. P. 8(a)(2). Nothing in Rule 8 prohibits collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each defendant. *See Manchanda v. Navient Student Loans*, No. 19-CV-5121, 2020 WL 5802238, at *2 (S.D.N.Y. Sept. 29, 2020). "Th[e] rule requires a plaintiff to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Fallon v. 18 Greenwich Avenue, LLC*, 2021 WL 1105066, at *2 (S.D.N.Y Mar.

23, 2021) (citation omitted). A plaintiff violates Rule 8(a) by engaging in group pleading which fails to give each defendant fair notice of the claims against it. *Id.* The question is ultimately whether the complaint gives each party "notice of the substance of the claims against him." *OneWest Bank N.A. v. Lehman Bros. Holding Inc., No*. 14-CV-8916, 2015 WL 1808947, at \*3 (S.D.N.Y. Apr. 20, 2015).

   The Complaint in this case does not give the CESG Defendants adequate notice as it fails to specify sufficiently which defendants were responsible for each alleged violation. By way of example, Plaintiffs make the following allegations:

- "The date, time, duration, and location of Employees' shifts are determined exclusively by Defendants." Compl. ¶ 143.

- "In the event of such a policy violation, Defendants discipline the Employee by, *inter alia*: (i) removing the Employee from the shift; (ii) suspending the Employee for a given period; or (iii) terminating the Employee's employment." Compl. ¶ 186.

- Paragraphs 190-195 alleges that "Defendants … direct and control" payment to Plaintiffs, "establish hourly rates," "direct and control [Plaintiffs'] employment status," and "misclassify [Plaintiffs] as independent contractors." Compl. ¶¶ 190-195. It is unclear from these paragraphs which defendants allegedly are responsible for making decisions on payment and classification.

- Even the allegations related to individual Plaintiffs lack the requisite detail about what each defendant is alleged to have done or failed to do. For example, "Indeed, Defendants did not pay Najarro any compensation at all for the remaining 19

hours until on or around August 5, 2021—approximately one week following his

regularly scheduled pay day." Compl. ¶ 356. Plaintiffs do not specify who was

responsible for the alleged non-payment.

These threadbare allegations represent just a sampling of those contained in the

Complaint. Plaintiffs' first nine claims for relief in the complaint allege violations of the

FLSA and the NYLL by the "Defendants" without specifying which defendant allegedly

violated those statutes or the basis of any such allegation with respect to a particular

defendant. Plaintiffs' use of "Defendants" is, at best, inconsistent and confusing.[1] It first

defines all of the named defendants as "Defendants" and on some occasions references

"Defendants" as a distinct group or entity apart from Con Ed, while in others alleges that

"Defendants" own and jointly operate CE Solutions, a collection of companies comprising

CESG, CES, CEFP, CER, FSF, Argani, 2Way, and Concord" (Exhibit A, ¶ 132). It is

entirely unclear which defendant Plaintiffs allege committed which violation or the basis for

alleging that all committed every violation. In short, the Complaint does not put each CESG

Defendant on notice of the particular claims asserted against it and the grounds for such

claim. Since defendants in each group are not provided with adequate notice to meet the

notice pleading requirements of Rule 8(a), the complaint fails as a matter of law. *See Fallon,*

2021 WL 1105066, at \*2.

---

[1]       For example, Plaintiffs bring suit against three individuals who are officers or employees of CESG, J. Colbert, E. Slinin and D. Slinin. They are not Plaintiffs' employers and Plaintiffs fail to explain why they are proper parties to their lawsuit. Further, Plaintiffs do not allege any substantive allegations against NYC 2 Way and that party's business is unrelated to the scope of work at issue here. *See* Spelfogel Decl., Exhibit B. See Declaration of Steven Sebastopli (Doc. 55), p. 8, confirming no Con Edison contract with NYC 2 Way International Ltd.

### III.   PLAINTIFFS WERE NOT EMPLOYED BY CESG AND THEREFORE, CANNOT PURSUE CLAIMS AGAINST THE CESG DEFENDANTS UNDER THE FLSA OR NYLL

#### A.  THE CESG DEFENDANTS ARE NOT JOINT EMPLOYERS.

Even if Plaintiffs pled the allegations with sufficient particularity as to each Defendant (which they have not), Counts One through Nine of the Complaint should still be dismissed as against the CESG Defendants because Plaintiffs have not shown that any of the CESG Defendants meet the definitions of "employer" under either the FLSA or the NYLL, nor do they qualify as "joint employers."

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203 (d). "Whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concepts." *Hart v. Rick's Cabaret Int'l, Inc*., 967 F. Supp. 2d 901, 939 (S.D.N.Y 2013). (internal quotations and citations omitted). Employment should be determined on a case by case basis by review of the totality of circumstances. *Id.*   In determining the economic reality of an employment relationship, courts consider whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Barfield v. New York City Health & Hospitals Corp*., 537 F.3d 132, 142 (2d Cir. 2008). (internal quotations and citations omitted).

The NYLL definitions are substantially similar but slightly broader than the requirements set forth under the FLSA. *See Spicer v. Pier Sixty LLC*, 269 F.R.D. 321 (S.D.N.Y. 2010). However, a plaintiff may not simply label a party as an employer of an employee. *See Torrenegra v. Grameen Am., Inc.*, No. 15-CV-3153 (RER), 2017 WL 1401291, at *5 (E.D.N.Y. Apr. 19, 2017) ("The existence of an employer/employee relationship is assessed based on 'economic reality,' not

'technical concepts' or labels"); *see also Couch v. New York Daily News Co.*, No. 19 CV 5903 (ENV) (ST), 2021 WL 7448476, at *11 (E.D.N.Y. Mar. 23, 2021) ("conclusory allegations are insufficient to allege an employer-employee relationship"). There must be a factual basis set forth in the pleading for asserting the existence of an employee-employer relationship. *See Diaz v. City Univ. of New York*, No. 13 CV 2038 (PAC) (MHD), 2014 WL 10417871, at *17 (S.D.N.Y. Nov. 10, 2014) (dismissing discrimination claim where plaintiff "fail[ed] to plead a factual basis for inferring that … any employment relationship existed with" defendant). Here, Counts One through Nine fail because the Complaint broadly alleges that each and every Plaintiff was an employee of all of the defendants, without laying any foundation or alleging any facts that would show that they were employed by ANY of the CESG Defendants.

Plaintiffs have asserted various violations of both the FLSA and NYLL against the CESG Defendants, all of which are based on the same factual inaccuracy: that they were jointly employed by CESG. The Complaint fails to include specific allegations pertaining to this as against any of the CESG defendants. "It is well-established in [the Second Circuit] that plaintiffs cannot simply lump defendants together for pleading purposes." *Fallon*, 2021 WL 1105066, at *2. Plaintiffs have not adequately pleaded that any of the Individual Defendants were their employers under the FLSA.

For example, Plaintiffs conclusorily state throughout that "Defendants" failed to pay them at the proper rates and in the proper amounts. However, they do not state any basis for believing that the CESG Defendants had this obligation. *See, e.g.,* Compl. ¶¶ 280, 327, 356, 390, 416.[2]

---

[2]      The documentary evidence annexed to the accompanying Spelfogel Decl. refutes any possible claim that Plaintiffs were employees of the CESG Defendants. Specifically, CESG entered into sub-contracts with Defendant Argani, Inc. ("Argani") for traffic flagging and related services (the "Agreement"). *See* Spelfogel Decl., Exhibit C (the "Argani Contract"). If Plaintiffs were employees at all, they would have been employees of one or more of subcontracting entities, but certainly not CESG. Under established law, when a contract between two entities contains terms that expressly reserve the direct managerial powers and responsibilities to one entity over the other,

Similarly, they state that "CE Solutions also assigns its own supervisors to perform regular rounds of jobsites to monitor [Plaintiffs'] work." Compl. ¶ 167. However, they do not state that these "supervisors" have any power to fire or discipline or direct Plaintiffs, nor does the Complaint provide specific examples of them doing so. Rather, the closest the Complaint comes is saying that "Defendants direct [Plaintiffs] to get permission from a Con Edison or CE Solutions supervisor to take breaks during their shifts." Compl. ¶ 168. However, the Complaint does not say who gave this instruction and whether the CESG Defendants are actually responsible for giving such permission. In fact, Plaintiffs allege that their shifts did "not conclude until a Con Edison supervisor notifies them that shift ha[d] ended." Compl ¶ 174. In short, nowhere do Plaintiffs clearly allege that the CESG Defendants controlled their work or assigned responsibilities.

Further, Plaintiffs state that all defendants have "Additional Indicia of Control and Employee Status," such as, maintaining records, determining rates and method of payment and hours worked, and setting schedules. Compl. ¶¶ 196-208. However, Plaintiffs do not provide specific allegations of the CESG Defendants being responsible for the first two items, and they admit they must call to discuss their availability and the availability of work but do not identify the party/parties that they contact. Clearly, the CESG Defendants are not exclusively responsible for setting hours. Compl. ¶¶ 152-164. In fact, Plaintiffs' responsibility to call the defendants undermines Plaintiffs' argument that the relationship was exclusive (Compl. ¶ 196) because Plaintiffs admit that they were not always working for any of the defendants, let alone the CESG Defendants.

---

no "joint employer" relationship exists. *See Valcarcel v. First Quality Maint.*, 2013 WL 5832545, at *5 (Sup. Ct. Queens Cnty. Oct. 15, 2013) (quoting *Adler v. 20/20 Cos.*, 918 N.Y.S.2d 585, 587 (2d Dep't 2011)).

### B. AT NO POINT WERE THE PLAINTIFFS "JOINTLY EMPLOYED" BY CESG.

Seemingly realizing the inadequacy of their claims of individual liability, Plaintiffs attempt to argue that the CESG Defendants were "joint employers." Compl. ¶ 152. However, this allegation is inadequately pled.

To determine whether a particular defendant was an "joint employer" under the FLSA or NYLL, the Second Circuit utilizes the economic realities test. This focuses on whether the alleged employer: (1) had the power to hire and fire the employee; (2) supervised and controlled the employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Saleem v. Corporate Transportation Group*, 52 F. Supp. 3d 526 (S.D.N.Y. 2014), *unanimously affirmed*, 854 F.3d 131 (2d Cir. 2017); *Irizarry v. Catsimatidis*, 722 F.3d 99, 104-105 (2d Cir. 2013) (citation omitted); see also *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984). "No one of the four factors standing alone is dispositive. Instead, the 'economic reality' test encompasses the totality of the circumstances.." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). This is a heavy standard. In an analogous situation, the Court of Appeals has recognized that a party in the construction industry is typically "not an employer of its subcontractor's employees," even though it permissibly "must maintain . . . general oversight of the project." *Ovadia v. Office of Indus. Bd. of Appeals*, 19 N.Y.3d 138, 143, 145 n.6 (2012). Here, to survive a motion to dismiss as against a particular defendant, Plaintiffs must allege facts suggesting that each of the CE Solutions Defendants essentially "assumed the role of employer of [Argani's] workforce." *Id.* at 145. Plaintiffs have failed to do so.

#### i. Plaintiffs Did Not Allege That CESG Defendants Have The Power To Hire Or Fire The Plaintiffs

Plaintiffs conflate the CESG Defendants with all the other defendants despite the fact that the CESG Defendants had no authority to hire or fire Plaintiffs, and the Complaint does not

specifically allege that they could do so. Plaintiffs do not allege that the CESG Defendants had any involvement with Argani Defendants' workers, at or away from the job sites, except for the deployment of roaming "supervisors" who would occasionally assess the job sites from afar. Compl. ¶¶ 165-183. Nor does it allege what these roaming supervisors would do, other than be asked by Plaintiffs about taking a break. It does not allege any power to hire, fire, discipline, pay, or otherwise instruct Plaintiffs. Furthermore, even assuming, *arguendo*, that a roaming supervisor found one of Argani Defendants violating safety protocols and removed that worker from the job site for safety and quality control reasons, courts have long acknowledged that a contracting party's authority to de-authorize its vendor's workers from performing work on its projects does not equate to a power to discipline or fire the individual for purposes of a joint employment analysis. *See, e.g., Martin v. Sprint United Mgmt. Co.*, 273 F. Supp. 3d 404, 424-25 (S.D.N.Y. 2017) (Sprint's "power to de-authorize Wallace Morgan field agents from working on [Sprint's] Assurance Wireless campaign does not equate to the power to terminate" those agents for purposes of a joint employer analysis); *Jean-Louis v. Metropolitan Cable Commc'ns, Inc.*, 838 F. Supp. 2d 111, 124 (S.D.N.Y. 2011) (same); *Godlewska v. Human Dev. Ass'n, Inc.*, 916 F. Supp. 2d 246, 258 (E.D.N.Y. 2013) (same), *aff'd*, 561 F. App'x 108 (2d Cir. 2014). *Accord Fernandez v. HR Parking, Inc.*, 407 F. Supp. 3d 445, 452 (S.D.N.Y. 2019) ("Mere influence on hiring is not sufficient to find that this factor [of the joint employment inquiry] has been met."). Moreover, none of the Plaintiffs here alleges that he or she personally was ever disciplined or terminated by any CESG Defendant.

### ii.   Plaintiffs Did Not Allege CESG Defendants Supervised Or Controlled The Plaintiffs' Work Schedules Or Conditions Of Employment

Because "the degree to which the defendants supervise the plaintiffs' work . . . can be misinterpreted to encompass run-of-the-mill subcontracting relationships." (*Jean-Louis*, 838 F.

Supp. 2d at 126), a plaintiff must allege that a putative joint employer's supervision was so extensive that it "affect[ed] employment-related factors such as workplace conditions and operations, personnel, or compensation." *Irizarry* 722 F.3d 99 at 109. Here, the Complaint does not allege that the CESG Defendants had any role in determining or enforcing workplace conditions and operations. That omission is fatal to any claim against the CESG Defendants.

Plaintiffs' Complaint lacks any allegations even suggesting that CESG Defendants participated in common policy or planning with Argani Defendants to deprive Plaintiffs of their full wages. No allegation is made that the CESG Defendants had any control over Plaintiffs at or away from project worksites, or over Plaintiffs' wages and offsite working conditions generally. Nor are there any allegations that CESG Defendants dictated such policies to Argani Defendants. There is no dispute that CESG Defendants paid Argani Defendants on a "cost plus" basis for the time Plaintiffs spent on and devoted to their services, at rates and under the terms set forth in a subcontract agreement between them (including at overtime rates for overtime work), but that alone does not create an employment relationship. *Girard v. International Association of Approved Basketball Officials, Inc.*, 840 Fed. App'x 635, 639 (2d Cir. 2021).

Given that CESG Defendants are not alleged to have exercised direct or indirect control over Plaintiffs' work at or beyond the job sites, and absent allegations that CE Solutions "control" extended beyond jobsite performance to Argani Defendants actual internal pay practices, Plaintiffs' joint employment allegations should be rejected. *See, e.g., Nelson v. FedEx Ground Package Sys.*, No. 18-cv-1378, 2019 WL 1437765, at *4 (D. Colo. Feb. 8, 2019) (in rejecting plaintiffs' claims that FedEx was their joint employer, concluding that despite allegations of a close working connection between FedEx and their employer, what was missing were substantial allegations suggesting that FedEx "controls how the putative class members are compensated.");

*Gibbs v. MLK Express Servs., LLC*, No. 18-cv-434, 2019 WL 2635746, at *8 (M.D. Fla. June 27, 2019) (same, reasoning that while plaintiff offered evidence "go[ing] to Amazon's control over [its delivery service contractors'] duties," plaintiff failed to offer evidence Amazon was part of any common plan, policy or decision "with regard to their pay provisions"); *Korenblum v. Citigroup*, 195 F. Supp. 3d 475, 487 (S.D.N.Y. 2016) (same, reasoning the plaintiffs failed to offer evidence suggesting "that Citi bore any responsibility for" its vendors' pay practices).

### iii. There Is No Claim That CESG Defendants Maintained Plaintiffs' Employee Records

Plaintiffs have not alleged anywhere in the Complaint that CESG Defendants maintained their employment records, including their personnel files, pay stubs, and government employment forms. Moreover, retention of certain documents, such as project work site time records, which is done for quality control purposes and to establish an audit trail (as required by the terms of contracts with subcontractors), fails to establish that a contracting party is a joint employer of its vendor's workers. *See* Compl. at ¶¶ 117- 120; Argani Contract at ¶ 26; *see also Hugee v. SJC Group, Inc.*, No. 13-cv-423, 2013 WL 4399226, at *7 (S.D.N.Y. Aug. 14, 2013); *Yang v. An Ju Home, Inc.,* No. 19-cv-5616, 2020 WL 3510683, at *4 (S.D.N.Y. June 29, 2020); *Godlewska*, 916 F. Supp. 2d at 262. Uses of project work site time records, used in preparing monthly invoices, as alleged (*See* Compl. ¶¶ 128, 200), also does not create a joint employer status.

In sum, Plaintiffs have not satisfied any of the pleading requirements of the joint employer test. While their allegations may plausibly state FLSA and NYLL wage and hour claims against other (subcontractor) defendants, their allegations "have failed to sufficiently allege that [CESG Defendants] had and exercised sufficient control over them to satisfy" New York's joint employer test. *Diaz v. Consortium for Worker Educ., Inc.*, No. 10-cv-1848, 2010 WL 3910280, at *4

(S.D.N.Y. Sept. 28, 2010). As such, the Court should dismiss Plaintiffs' FLSA and NYLL causes of action as against the CESG Defendants.

## IV.   PLAINTIFFS' PREVAILING WAGE CLAIMS SHOULD BE DISMISSED

### A.  PLAINTIFFS CANNOT PREVAIL ON THEIR BREACH OF CONTRACT AND QUASI CONTRACT CLAIMS

Plaintiffs misstate the contents of the ConEd agreements with CESG. ("CESG'- Con-ED Agreement") alleging that they are due prevailing wages and supplemental benefits set by NYLL § 220 because, upon information and belief, the Con Edison Contracts entered into by Defendants contained schedules of the prevailing rates of wages and supplemental benefits or reference the NYLL provisions governing payment of prevailing wages to be paid to Plaintiff[s] and the employees performing work pursuant to such contracts. CESG Defendants do not have a contractual relationship with the Plaintiffs. The contracts identified by Plaintiffs do not place any obligation on CESG Defendants to pay or do anything with respect to the individual Plaintiffs.

Because Plaintiffs have not and cannot identify the specific terms of the CESG'- Con-ED Agreement that CE Solutions supposedly breached, Plaintiffs' breach of contract claim fails. *Reznick v. Bluegreen Resorts Mgmt., Inc.*, 154 A.D.3d 891, 893 (2d Dep't 2017) ("In order to state a cause of action to recover damages for a breach of contract, the plaintiff's allegations must identify the provisions of the contract that were breached"). Plaintiffs also cannot recover under their quasi-contract theories because the terms of CE Solutions relationship with Con Ed are fully contained in the CESG'- Con-ED Agreement, and the terms of CE Solutions relationship with the Argani Defendants are fully contained within its subcontract with the Argani Defendants, both of which are written, integrated and enforceable contracts. *Jara v. Strong Steel Door, Inc.*, 2008 WL 3823769, at *11 (Sup. Ct. Kings Cnty. Aug. 15, 2008) (dismissing unjust enrichment and quantum meruit claims for prevailing wages where written "contracts existed for all four public works

13

projects"). Nor can Plaintiffs claim to be third party beneficiaries of the CESG- Con-ED Agreement or the Argani Agreement, as all of those documents expressly disclaim any rights to third-party beneficiary status.

### B. PLAINTIFFS CANNOT PREVAIL ON THEIR PREVAILING WAGE CLAIM UNDER § 220 BECAUSE PLAINTIFFS' WORK FOR CONED WAS NOT ON "PUBLIC WORKS."

Alternatively, Plaintiffs claim that even if the CESG'- Con-ED Agreement did not call for the payment of prevailing wages and supplemental benefits, Plaintiffs are due those wages anyway because the contracts somehow should have provided for them, because Plaintiffs' work for Con Ed involved "public works" subject to NYLL § 220's requirements. *See* Exhibit A ¶¶ 216-235. But for a project to be considered "public works," all three of the following requirements must be satisfied:

> First, a public agency must be a party to a contract involving the employment of laborers, workers, or mechanics. Second, the contract must concern a project that primarily involves construction-like labor and is paid for by public funds. Third, the primary objective or function of the work product must be the use or other benefit of the general public.

*W.M. Schultz Constr., Inc. v. Musolino*, 147 A.D.3d 1259, 1260 (3d Dep't 2017) (quoting *De La Cruz v. Caddell Dry Dock & Repair Co.*, 21 N.Y.3d 530, 538 (N.Y. 2013)).

Nowhere in their Complaint do Plaintiffs attempt to allege that these three requirements were satisfied with respect to any, let alone all of the various ConEd projects they worked on. Specifically, Plaintiffs do not allege that any public agency was a party to ConEd's CESG'- Con-ED Agreement. Plaintiffs also do not allege that ConEd or CESG Defendants are public agencies., In fact, neither one is. *See, e.g., Consolidated Edison Co. of N.Y. v. Pub. Serv. Comm'n*, 447 U.S. 530, 534 n.1 (1980) (acknowledging "Consolidated Edison's status as a privately owned but government regulated monopoly"); *Dominguez v. WRS Envtl. Servs., Inc.*, No. 157820/2017, 2019

WL 2371886, at *3 (Sup. Ct. N.Y. Cnty. June 3, 2019) (dismissing NYLL § 220 claims by employees of one of Con Edison's contractors because the work at issue was "with private companies, not the state[] of New York").

Plaintiffs also fail to allege that the projects they worked on were "paid for by public funds." *W.M. Schultz Constr.*, 147 A.D.3d at 1260. As New York's courts have long recognized, ConEd "ha[s] a practical and historic statutory and common-law obligation to pay all costs associated with . . . . installing and maintaining [its own] utility equipment." *Diamond Asphalt Corp. v. Sander*, 92 N.Y.2d 244, 249 (1998). This omission is equally fatal to Plaintiffs' prevailing wage claims. *W.M. Schultz Constr.*, 147 A.D.3d at 1262 ("the use of public funds for a project is a prerequisite to the finding that a contract relates to a public work subject to prevailing wage obligations").

Plaintiffs also fail to allege facts supporting the third factor, that "the primary objective or function of the work" they performed was for "the use or other benefit of the general public." *Id.* at 774. Indeed, the Court of Appeals has held that "the nature of" work performed on ConEd's utility grid "is private, and for the essential benefit of a private party," and "d[oes] not constitute 'public work.'" *Diamond Asphalt Corp.*, 92 N.Y.2d at 259; *See also Am. Water Res., LLC v. Liu*, 41 Misc. 3d 963, 971 (Sup. Ct. N.Y. Cnty. 2013); *Nat'l R.R. Passenger Corp. v. Hartnett,* 169 A.D.2d 127, 132 (3d Dep't 1991); *Erie Cnty. Indus. Dev. Agency v. Roberts*, 94 A.D.2d 532, 538 (4th Dep't 1983), *aff'd*, 482 N.Y.S.2d 267 (1984).

In conclusion, Plaintiffs fail to allege how their work on ConEd projects qualifies as "public works" within the meaning of NYLL § 220 given that none of the projects Plaintiffs worked on involved a public agency; the projects were funded (and were required to be funded) by ConEd itself; and the nature of the work was for ConEd's benefit. Given that the Court has previously

recognized that work performed on Co Ed's utility grid does not constitute "public works" subject to prevailing wage requirements, the Court should dismiss Plaintiffs' prevailing wage claims under C.P.L.R. § 3211(a)(1) and (a)(7). *Dominguez*, 2019 WL 2371886 at, *5.

### C. PLAINTIFFS CANNOT SUCCEED ON THEIR PREVAILING WAGE CLAIMS BECAUSE NEW YORK CITY'S STREET EXCAVATION PERMITS DO NOT CREATE AN INDEPENDENT OBLIGATION TO PAY PREVAILING WAGES.

Plaintiffs contend that if all of their other prevailing wage arguments are unavailing, they should still be entitled to prevailing wages because some of the ConEd projects required New York City street excavation permits, which require the payment of prevailing wages where and when applicable. *See* Compl. at ¶¶ 222-235. But the regulation governing street excavation permits, N.Y.C. Admin. Code § 19-142, does not create an independent obligation to pay prevailing wage rates. Instead, the regulation simply requires that prevailing wage rates be paid when and if required by "[§ 220] of the labor law." NYC Admin. Code § 19-142. As explained above, the projects Plaintiffs worked on are not "public works" subject to NYLL § 220's prevailing wage requirements.

Regardless, Plaintiffs lack standing. *See* N.Y.C. Admin. Code § 19-142. Further, New York City's street excavation permit requirements do not apply in Westchester County, where Plaintiffs performed a substantial amount of their work. *See* Exhibit A at ¶¶ 6,134, 232, 233, 235

### D. PLAINTIFFS CANNOT PREVAIL ON THEIR PREVAILING WAGE CLAIMS BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION TO ENFORCE SUCH CLAIMS.

The New York City regulations governing street excavation permits make clear that they do not create a private right of action for litigants like Plaintiffs to complain about a utility company's or its contractors' compliance with the terms of such permits. *See* N.Y.C. Admin. Code § 19-142 ("When permits are issued to utility companies or their contractors, the power to enforce

this provision shall be vested with the comptroller of the city of New York"). Only the Comptroller of the City of New York has the ability to do so. *Id*. The Comptroller's powers relating to the prevailing wage law were independently granted by state law. *See* NYLL § 20. Accordingly, Plaintiffs' prevailing wage claims should be dismissed.

## V.   PLAINTIFFS CANNOT PURSUE CLASS-WIDE STATUTORY PENALTIES UNDER C.P.L.R. § 901(B)

Plaintiffs allege that they, and the class members they purport to represent, are entitled to "liquidated <u>damages</u>" (*i.e.* a penalty) under the NYLL for each claim in the Class Action Complaint. Specifically, for both their Sixth and Seventh Causes of Action, Plaintiffs seek (a) "liquidated damages" in addition to any underlying unpaid wages (*i.e.* pursuant to NYLL § 198); and (b) statutory damages pursuant to NYLL § 198 for record-keeping violations under NYLL § 195(3)). This includes the two hundred fifty dollar ($250) per day penalty under NYLL §198(1-d) and the fifty dollar ($50) per day penalty under NYLL§198(1-b). *See* NYLL §§ 198(1-b), 198(1-d). Both penalties are capped at five thousand dollars ($5,000) per person, which is the sum Plaintiffs seek to recover individually and on behalf of the entire class. *Id.*; *see* Compl. at ¶¶ 521, 529.

However, such damages are considered a "penalty" and cannot be asserted in a class action under C.P.L.R. § 901(b). *See Hauptman v. Helena Rubinstein, Inc.*, 114 Misc. 2d 935, 936 (Sup. Ct. N.Y. Cnty. 1982) ("[T]he provision in [NYLL] Section 198 for liquidated damages constitutes a penalty."); *see also Lennon v. Philip Morris Companies, Inc.*, 189 Misc. 2d 577, 581-82 (Sup. Ct. N.Y. Cnty. 2001) (finding statutory penalties under Donnelly Act could not be asserted in a class action under C.P.L.R. § 901(b)); *Hunter v. Planned Bldg. Servs., Inc.*, 2018 WL 3392476, at *5 (Sup. Ct. Queens Cnty. June 20, 2018) (dismissing class action NYLL claims for liquidated damages because liquidated damages are a penalty which cannot be recovered in class action

unless provided for in the statute upon which the claim is based). Specifically, as summarized in *Vargas v. Citi Parking, Inc.,* 2021 WL 1391287, at *2 (Sup. Ct. N.Y. Cnty. Apr. 12, 2021):

> "CPLR 901(b) provides that an action to recover a penalty may not be maintained as a class action, unless explicitly authorized by statute. Liquidated damages pursuant to Labor Law § 198 constitute a penalty (*see Carter v Frito-Lay, Inc.*, 74 AD2d 550, 425 NYS2d 115 [1st Dept 1980]; *see also Griffin v Gregory's Coffee Management LLC*, 2019 WL 1877207, 2019 NY Slip Op 31125 [U] [Sup Ct, NY County, April 26, 2019]). Labor Law § 198 allows a plaintiff to recover liquidated damages but does not specifically authorize a class action. Therefore, a cause of action asserted in a class action that seeks liquidated damages must be dismissed (*Ballard v Community Home Care Referral Service, Inc.*, 264 AD2d 747, 748 [2d Dept 1999])."

Where, as here, Plaintiffs specifically demand "liquidated damages" on behalf of a purported class, such as the five thousand dollar ($5,000) penalties under NYLL§198(1-d) and (1-b), the intent is clear and the cause of action must be dismissed with prejudice. *See see* Compl. at ¶¶ 521, 529 Plaintiffs' Fifth and Sixth Causes of Action in the Complaint, pled as class claims and which seek statutory penalty damages that are precluded from being brought as a class, must be dismissed as a matter of law.

## VI. PLAINTIFFS DO NOT ALLEGE THEY WERE "FREELANCERS" AND THEREFORE CANNOT STATE A CLAIM UNDER NEW YORK'S "FREELANCE ISN'T FREE ACT."

Plaintiffs' Tenth and Eleventh Causes of Action, alleging violations of New York City's "Freelance isn't Free Act" ("FIFA"),  fail as a matter of law against the CESG Defendants, because the Plaintiffs fail to meet the definition of "freelancer" and fail to allege that CESG Defendants have the requisite relationship with the Plaintiffs or are otherwise responsible for the other pertinent elements of the act.

The alleged violations of the "Freelance isn't Free Act" ("FIFA") against the "Defendants", and pled in the alternative to FLSA and NYLL, also suffer from the same deficiencies that infect the entire Complaint and render it insufficient as a matter of law.  Namely,

18

the FIFA claims suffer from the "group pleading" defect, alleging that the "Defendants" engaged in each of the elements associated with a violation of FIFA, but nowhere does the Complaint allege any facts connecting the CESG Defendants with the Plaintiffs such that the CESG Defendants are liable to the Plaintiffs for the duties and obligations required by FIFA.

Even assuming, *arguendo*, that the CESG Defendants did have a legal relationship with Plaintiffs, for the CESG Defendants to be found to have violated FIFA, the Plaintiffs must first allege that they are  "freelancer(s)," which is defined under the act as a "natural person or any organization composed of no more than one natural person, whether or not incorporated or employing a trade name, that is hired or retained as an independent contractor by a hiring party to provide services in exchange for compensation." *Varn v. Orchestrade, Inc.*, No. 19-CV-2875 (MKB), 2022 WL 900855, at *6 (E.D.N.Y. Mar. 28, 2022) (*citing, Turner*, 127 N.Y.S.3d at 262 (quoting N.Y.C. Admin Code § 20-927)). Plaintiffs fail to allege a single fact to support a claim that they that they were hired and retained as independent contractors by the CESG Defendants. Further, none of the referenced agreements at issue in this case support such a position.

Second, Plaintiffs' neglected to plead any facts suggesting that the CESG Defendants failed to fulfill the other FIFA elements, which include the duty to provide a written contract to the "freelancer" and the duty to provide timely compensation. Rather, as with the preceding causes of action, Plaintiffs assert bald and entirely unsupported claims that "Defendants" engaged in each element of a FIFA violation – again, merely reciting the law and concluding that the "Defendants" engaged (or failed to engage) in this conduct.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Causes of Action against the CESG Defendants should be dismissed with prejudice.

**WHEREFORE**, it is respectfully requested that an Order be issued by this Court pursuant to C.P.L.R. § 3211 dismissing all claims as against the CESG Defendants, and for such other, different relief as this Court deems just and proper.

Dated:   New York, New York
         May 5, 2023

**PHILLIPS NIZER LLP**

By:   /s/ Evan J. Spelfogel
      EVAN J. SPELFOGEL, ESQ.
      MICHAEL S. FISCHMAN, ESQ.
      JEREMY BACHRACH SIEGFRIED, ESQ.
      .
      485 Lexington Avenue, 14th Floor
      New York, New York 10017
      Office: (212) 977-9700
      Direct: (212) 841-0539
      espelfogel@phillipsnizer.com
      mfischman@phillipsnizer.com
      jsiegfried@phillipsnizer.com

*Attorneys for Defendants CE Solutions Group, LLC, CE Solutions, Inc., NYC 2 Way International, LTD, d/b/a CTG Cars LLC, Eduard Slinin, Dora Slinin and Jeannine Napoleone-Colbert*

TO:   All parties (via electronic filing)

20