

NEW YORK        CALIFORNIA        GEORGIA        PENNSYLVANIA

**Camilo M. Burr**
cburr@faruqilaw.com

June 21, 2024

**VIA ECF**

The Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20B
New York, New York 10007

   Re:  *Ortiz, et al. v. Consol. Edison Co. of N.Y., Inc., et al.*, No. 1:22-cv-08957-JLR-GS

Dear Judge Rochon:

  We represent Plaintiffs in the above-referenced action and write to inform the Court that Plaintiffs do not intend to object to the Honorable Gary Stein's June 7, 2024 Report and Recommendation ("R&R"), but respectfully request that it grant Plaintiffs leave to file a Second Amended Complaint ("SAC"), in accordance with the R&R. *See* ECF No. 202 at 2, 30, 45, 88-89.

  By way of brief background, on June 7, 2024, Judge Stein issued the R&R, which recommended granting in part and denying in part CESG Defendants'[1] and Consolidated Edison Company of New York's motions to dismiss. *See* ECF Nos. 100, 104, 202. Specifically, Judge Stein recommended the Court grant the CESG Defendants' motion to dismiss Count Nos. 1-12 of Plaintiffs' First Amended Complaint ("FAC," ECF No. 72) because Plaintiffs purportedly: "(i) engage[d] in impermissible group pleading in violation of Rule 8's requirements; and (ii) [] fail[ed] to adequately allege the CESG Defendants were their employers or joint employers under the FLSA and NYLL or (alternatively) a hiring party under FIFA." *See* ECF No. 202 at 88-89.

  While Plaintiffs respectfully disagree with the conclusions reached by Judge Stein as to Count Nos. 1-12 in the R&R (*see id.* at 23-45), Plaintiffs believe that they will be able to sufficiently address the deficiencies outlined therein should the Court allow Plaintiffs the opportunity to replead the FAC. *See id.* at 2, 30, 45 (Judge Stein recommending Plaintiffs be given "leave to replead to allow them an opportunity to provide greater specificity as to the role played by the CESG Defendants as to the relevant factors in determining who is an employer or joint employer."), 88-89; *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead."); *Northwest Biotherpeutics, Inc. v. Canaccord Genuity LLC*, No. 1:22-CV-

---

[1] The term "CESG Defendants" refers to CE Solutions Group LLC, CE Solutions, Inc., NYC 2Way International Ltd., and Jeannine Napoleone-Colbert.

685 THIRD AVENUE NEW YORK, NY 10017 PHONE: 212.983.9330 FAX: 212.983.9331 EMPLOYEERIGHTSCOUNSEL.COM FARUQILAW.COM



10185(GHW)(GS), 2024 WL 620648, at *2 (S.D.N.Y. Feb. 14, 2024) (granting plaintiff leave to amend because a "[p]laintiff has not yet had the opportunity to amend the complaint with the benefit of a ruling from the Court.").

Lastly, should the Court grant Plaintiffs leave to amend the FAC in accordance with the R&R, Plaintiffs respectfully request that they be given 30 days from the Court's anticipated Order regarding the R&R to file their SAC. *See id.* (permitting plaintiff 30 days following the adoption of the report and recommendation to file its amended complaint).

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Camilo M. Burr

Cc:    Counsel of Record (*via* ECF)