## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NASHAILY ORTIZ, ISAURA LOPEZ, RUBEN LEMUS NAJARRO, NASHEMIR ORTIZ, ADRIANNA GAMBOA, STEVEN ALLICOTT, ROBERTO ROSARIO, JR., and STEPHANIE BUNDRICK, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., CE SOLUTIONS GROUP, LLC, CE SOLUTIONS INC., CE FLAGGING PLUS CORP., CE RESERVE CORP., FLAGGING SPOTTING FLIPPING SERVICES INC., ARGANI INC., NYC 2WAY INTERNATIONAL LTD. d/b/a CTG CARS) LLC, CONCORD LIMOUSINE INC., CONCORD LIMOUSINE 1, LLC, MARVELOUS MARK TRANSPORTATION CO., INC., A & M TRANSPORT TRANSPORS INC., 23 WEST GROUP INC., JEANNINE NAPOLEONE-COLBERT, in her individual and professional capacities, HASSAN SABLINI, in his individual and professional capacities, and NABIH KOUBAISSAY a/k/a NABIL SIMBA, in his individual and professional capacities, <br><br> Defendants. | Case No.: 1:22-CV-08957-JLR-GWG |

## MEMORANDUM OF LAW BY DEFENDANTS, CONCORD LIMOUSINE INC., AND CONCORD LIMOUSINE 1, LLC, IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION AND FOR EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS

**Roger V. Archibald, Esq.**

*Attorneys for Defendants*
*Concord Limousine INC. and*
*Concord Limousine 1, LLC*
26 Court Street, Suite 711
Brooklyn, NY 11242
718-237-1111
Brooklynatty@hotmail.com

## TABLE OF CONTENTS

*BACKGROUND*..................................................................................................... *1*

*ARGUMENT*........................................................................................................ *2*

    **A.**   **Plaintiffs' Motion is Premature**............................................................... 2

    **B.**   **Plaintiffs Have Not Made The Required Showing for a FLSA Collective Action**....... 4

    **C.**   **Equitable Tolling is Not Presently Warranted**....................................... 7

    **D.**   **The Concord Defendants Join The Oppositions of Co-Defendants**................. 9

*CONCLUSION*.................................................................................................... *9*

## TABLE OF AUTHORITIES

**Cases**

*Li v. Ichiro Rest.*, 14-cv-10242, 2015 WL 6828056, at *1 (S.D.N.Y. Nov. 5, 2015)     3

*Arena v. Delux Transp. Servs.*, 12-cv-1718, 2013 WL 654418, at *3 (E.D.N.Y. Feb. 15, 2013)     2

*Clark v. Pizza Baker*, 18-cv-157, 2018 WL 2119309, at *1 (S.D. Ohio May 8, 2018)     3

*Cobble v. 20/20 Commc'ns*, 17-cv-53, 2017 WL 4544598, at *1 (E.D. Tenn. Oct. 11, 2017)     3

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 253 (S.D.N.Y. 1997)     2

*Holder v. Bacus Foods Corp.*, 23-cv-763, 2023 WL 5671406, at *3 (D. Az. Sept. 1, 2023)     2

*Kassman v. KPMG LLP*, 11-cv-3743, 2015 WL 5178400, at *2 (S.D.N.Y. Sept. 4, 2015)     3

*Medder v. U.S.*, 21-cv-2325, 2022 WL 2311145, at *1 (Fed. Cl. June 27, 2022)     2

*Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010)     4

*Pike v. WSNCHS East*, 02-cv-3365, 2003 WL 548884, at *2-3 (S.D.N.Y. Feb. 25, 2003)     4

*Radioactive, J.V. v. Manson*, 153 F. Supp. 2d 462, 473-477 (S.D.N.Y. 2001)     4

*Richardson v. CE Solutions Group, LLC*, Index No. 653369/2021 (N.Y. Cnty. Sup. Ct., filed May 21, 2021)     3

*Yahraes v. Rest. Assocs. Events Corp.*, 10-cv-935, 2011 WL 844963, at *1-3 (E.D.N.Y. Mar. 8, 2011)     3

*Alvarado Balderramo v. Taxi Tours*, 15-cv-2181, 2017 WL 2533508, at *5 (S.D.N.Y. June 9, 2017)     9

*Boice v. M+W US*, 130 F. Supp. 3d 677, 697 (N.D.N.Y. Sept. 11, 2015)     5

*Campbell v. City of Los Angeles*, 903 F.3d 1090, 1105 (9th Cir. 2018)     5

*Castro v. Spice Place*, 07-cv-4657, 2009 WL 229952, at *3 (S.D.N.Y. Jan. 30, 2009)     7

*Duarte v. Tri-State Physical Med. & Rehab.*, 11-cv3765, 2012 WL 2847741, at *6 (S.D.N.Y. July 11, 2012)     7

*Foster v. Sitel Operating Corp.*, 19-cv-148, 2020 WL 3485576, at *4 (M.D. Tenn. May 22, 2020)
  7

*Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013)                            5

*Glatt v. Fox Searchlight Pictures,* 811 F.3d 528, 540 (2d Cir. 2016)                     5

*Guillen v. Marshalls of MA*, 841 F. Supp. 2d 797, 801 (S.D.N.Y. 2012)                    5

*Johnson-Cradle v. KPS Affiliates*, 22-cv-1052, 2023 WL 3091675, at *5 (S.D.N.Y. April 26,
  2023)                                                                                   6

*Korenblum v. Citigroup*, 195 F. Supp. 3d 475, 483, 487 (S.D.N.Y. 2016)                   7

*Louis v. Am. Telecomm.*, 540 F. Supp. 2d 268, 373 (E.D.N.Y. 2008)                        7

*Lubas v. JLS Group*, 18-cv-6611, 2020 WL 4210754, at *11 (E.D.N.Y. July 22, 2020)        6

*Martin v. Sprint/United Mgmt. Co.*, 15-cv-5237, 2016 WL 30334, at *8 (S.D.N.Y. Jan. 4, 2016) 7

*Moses v. Griffin Inds.*, 18-cv-1200, 2020 WL 5813737, at *5-6 (S.D.N.Y. Sept. 30, 2020)  8

*Pettenato v. Beacon Health Options*, 425 F. Supp. 3d 264, 279 (S.D.N.Y. 2019)            5

*Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982                                      8

*Prizmic v. Armour, Inc.*, 05-cv-2503, 2006 WL 1662614, at *2 (S.D.N.Y. June 12, 2006)    5

*Sanchez v. JMP Ventures*, 13-cv-7264, 2014 WL 465542, at *1 (S.D.N.Y. Jan. 27, 2014)     5

*Sellers v. Sage Software*, 17-cv-3614, 2018 WL 5631106, at *7 (N.D. Ga. May 25, 2018)    8

*U.S. v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986)                                        8

*Wallace v. Kato*, 549 U.S. 384, 396 (2007)                                               8

**Statutes**

29 U.S.C. § 216(b).                                                                       4

Defendants, Concord Limousine and Concord Limousine 1, LLC ("Concord Defendants"), respectfully submit this Memorandum in Opposition to the Motion for Conditional Certification of a Collective Action and for Equitable Tolling of Statute of Limitations filed by Plaintiffs Nashaily Ortiz ("Nashaily"), Isaura Lopez ("Lopez"), Ruben Lemus Najarro ("Najarro"), Nashemir Ortiz, Adrianna Gamboa, Steven Allicott ("Allicott"), Roberto Rosario, Jr. ("Rosario"), and Stephanie Bundrick ("Bundrick") (together "Plaintiffs") (Rec. Doc. 221). For the reasons set forth below, Plaintiffs' Motion should be denied.

## BACKGROUND

This is a wage and hour lawsuit under the Fair Labor Standards Act ("FLSA") in which Plaintiffs seek conditional certification of a FLSA collective action against the Concord Defendants, co-defendant Consolidated Edison Company of New York, Inc. ("Con Edison"), and other co-defendants. Plaintiffs seek certification with respect to Plaintiffs' FLSA claims in which they assert that Plaintiffs were not paid (or were not timely paid) overtime wages for overtime work. (*See* Second Am. Compl., Rec. Doc. 210, ¶ 645-652.) The Concord Defendants' only connection to Plaintiffs' claims, however, is that two of the named Plaintiffs (Najarro and Lopez) were contractors for a company that was at one a time a subcontractor of Concord Limousine, namely co-defendant CE Flagging Plus Corp. (*See* Affidavit of Atif Waheed., Rec. Doc. 163-1, ¶ 4-7) The Concord Defendants have no record of contracting services for any of the other named Plaintiffs.

Nonetheless, in typical shotgun pleading fashion, Plaintiffs simply lump numerous defendants together in their FLSA allegations in their hopes of pursuing a collective action involving numerous contractors, sub-contractors, and numerous plaintiffs with different policies and procedures regarding wages and contracting services. The FLSA does not condone such a

cavalier approach to the collective action standards, and Plaintiffs' Motion should therefore be denied.[1]

## ARGUMENT

### A.    Plaintiffs' Motion is Premature.

As an initial matter, the Court should deny Plaintiffs' Motion as premature, as Con Edison and the CES Defendants have filed Rule 12(b) Motions to Dismiss in response to Plaintiffs' Second Amended Complaint.  (*See* Rec. Docs. 229, 235.)  Numerous federal district courts have held that dispositive motions should be resolved before addressing issues of FLSA collective certification. *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 253 (S.D.N.Y. 1997) (addressing "defendant's motion for judgment on the pleadings first," because "if the Court deems this action ripe for dismissal, it would be futile to send notice to other potential plaintiffs").

While Plaintiffs argue their Motion should be resolved first, they ignore that doing so will confuse potential opt-in plaintiffs if the Court later determines they cannot state claims at all. *See Arena v. Delux Transp. Servs.*, 12-cv-1718, 2013 WL 654418, at *3 (E.D.N.Y. Feb. 15, 2013) (denying plaintiff's FLSA conditional certification motion pending resolution of defendants' dispositive motion, "in light of the need to determine the preliminary question of whether the FLSA [even] applies"); *Medder v. U.S.*, 21-cv-2325, 2022 WL 2311145, at *1 (Fed. Cl. June 27, 2022) (courts frequently "stay briefing on conditional certification while there is a pending motion that presents threshold issues, such as whether the complaint states a viable claim"); *Holder v. Bacus Foods Corp.*, 23-cv-763, 2023 WL 5671406, at *3 (D. Az. Sept. 1, 2023)

---

[1] Indeed, several of the co-defendants have filed Rule 12(b) Motions to Dismiss in response to the Second Amended Complaint that, among other things, point out the improper nature of Plaintiffs' attempt to lump all the defendants together as part of a single FLSA claim.  (See Rec. Docs. 229, 235.)

(deferring ruling on plaintiffs' FLSA conditional certification motion pending resolution of motion to dismiss); *Cobble v. 20/20 Commc'ns*, 17-cv-53, 2017 WL 4544598, at *1 (E.D. Tenn. Oct. 11, 2017) (same); *Clark v. Pizza Baker*, 18-cv-157, 2018 WL 2119309, at *1 (S.D. Ohio May 8, 2018) (same) (expressing concern that providing FLSA notice "to plaintiffs who may not have a claim . . . would serve only to confuse employees").

And while Plaintiffs contend "[t]here is plenty of support for" their argument, the decisions they cite belie that claim. *See, e.g., Li v. Ichiro Rest.*, 14-cv-10242, 2015 WL 6828056, at *1 (S.D.N.Y. Nov. 5, 2015) (simply noting that a motion to dismiss was pending at the time of conditional certification without addressing whether the time of the conditional certification motion was premature); *Kassman v. KPMG LLP*, 11-cv-3743, 2015 WL 5178400, at *2 (S.D.N.Y. Sept. 4, 2015) (noting the Court "would adjudicate the conditional certification motion and the motion to dismiss simultaneously"); *Yahraes v. Rest. Assocs. Events Corp.*, 10-cv-935, 2011 WL 844963, at *1-3 (E.D.N.Y. Mar. 8, 2011) (refusing to defer consideration of FLSA conditional certification motion "in anticipation of dispositive motions" which had not even been fully briefed to the Court).

Separately, Plaintiffs' Motion is premature because they have not explained how certifying their proposed collective will not interfere with the claims already pending in *Richardson v. CE Solutions Group, LLC*, Index No. 653369/2021 (N.Y. Cnty. Sup. Ct., filed May 21, 2021), an earlier-filed putative class action brought on behalf of traffic flaggers who worked for CES, Marvelous Mark Transportation Co. and "other entities with which CE[S] contracted to provide . . . flaggers on Con Edison job sites." This is clearly a threshold issue on which the Court should order briefing prior to considering Plaintiffs' Motion. Indeed, the Court has previously applied either the *Colorado River* abstention doctrine or the first-filed rule to stay

3

later-filed federal litigation in favor of prior pending and overlapping state court litigation. *See,*

*e.g., Radioactive, J.V. v. Manson*, 153 F. Supp. 2d 462, 473-477 (S.D.N.Y. 2001) (Colorado River

abstention doctrine); *Pike v. WSNCHS East*, 02-cv-3365, 2003 WL 548884, at *2-3 (S.D.N.Y.

Feb. 25, 2003) (first-filed rule).

    **B.**    **Plaintiffs Have Not Made The Required Showing for a FLSA Collective**

**Action.**

    In *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010), the Second Circuit held

that the FLSA does not require the court to facilitate notice to potential plaintiffs of the pendency

of a FLSA action and of their opportunity to opt-in as represented plaintiffs but the court has

discretion, in appropriate cases, to do so.  In that regard, the FLSA provides:

> An action to recover the liability prescribed in the preceding sentences may be
> maintained against any employer (including a public agency) in any Federal or
> State court of competent jurisdiction by any one or more employees for and in
> behalf of himself or themselves and other employees similarly situated.  No
> employee shall be a party plaintiff to any such action unless he gives consent in
> writing to become such a party and such consent is filed in the court in which
> such action is brought.

*See* 29 U.S.C. § 216(b).

    Moreover, the FLSA permits an individual to sue for overtime violations on his or her

own behalf "and other employees similarly situated." 29 U.S.C. § 216(b). Courts have discretion

"to implement § 216(b) by facilitating notice to potential plaintiffs of the pendency of the action

and of their opportunity to opt-in as" party-plaintiffs, although notice "is neither necessary nor

sufficient for the existence of" a FLSA collective action. *Myers v. Hertz Corp.*, 624 F.3d 537,

554-55 & n.10 (2d Cir. 2010) (internal quotation marks omitted).

    Although this process is commonly referred to as "collective certification," the

"certification" of a FLSA collective does not "join additional parties to the action" or create a

group of people "with an independent legal status." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). Instead, "[t]he sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to [the] action only by filing written consent with the court." *Id.* at 75 (internal quotations omitted). Conditional certification, in other words, invites the creation of "a kind of mass action, in which aggrieved workers as a collective of individual plaintiffs with individual cases." *Pettenato v. Beacon Health Options*, 425 F. Supp. 3d 264, 279 (S.D.N.Y. 2019) (emphasis in original, quoting *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1105 (9th Cir. 2018)).

Procedurally, certification of a FLSA collective involves a two-step process. *Scott v. Chipotle Mexican Grill*, 954 F.3d 502, 515 (2d. Cir. 2020). In the first step (which is at issue here), Plaintiffs must make a "factual showing that they and others together were victims of a common policy or plan that violated the law." *Glatt v. Fox Searchlight Pictures,* 811 F.3d 528, 540 (2d Cir. 2016). Because collective "certification is not automatic," *Sanchez v. JMP Ventures*, 13-cv-7264, 2014 WL 465542, at *1 (S.D.N.Y. Jan. 27, 2014), Plaintiffs must "provide actual evidence of a factual nexus between [their] situation and the persons [they] claim[] are similarly situated," *Guillen v. Marshalls of MA*, 841 F. Supp. 2d 797, 801 (S.D.N.Y. 2012) (emphasis added, quotation omitted); *accord Prizmic v. Armour, Inc.*, 05-cv-2503, 2006 WL 1662614, at *2 (S.D.N.Y. June 12, 2006) ("[M]ere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made.") (quotation omitted). After all, "the notice and opt-in process outlined by the FLSA is not a discovery device to determine whether conditional certification is appropriate. More is required under the law"—namely Plaintiffs are required to submit evidence that Plaintiffs and their colleagues "were subject to a common policy or practice

5

of being denied overtime compensation" by all the defendants. *Boice v. M+W US*, 130 F. Supp. 3d 677, 697 (N.D.N.Y. Sept. 11, 2015) (quoting *Sanchez*, 2014 WL 465542, at *2).

As to the Concord Defendants, Plaintiffs have not met this burden. Plaintiffs' only allegation about Concord Limousine is that it supposedly issued the spotters and flaggers timesheets marked "Con Ed Reserve Parking Site Location Sign Off Sheet." These timesheets, however, do not mention Concord Limousine, although the address and phone number on the timesheets belong to Concord Limousine. Thus, even if the spotters and flaggers were somehow similarly situated as Plaintiffs suggest, six of the named Plaintiffs had no connection whatsoever to the Concord Defendants, and the other two are only connected in that they were contracted by a subcontractor of the Concord Defendants, CE Flagging Plus Corp.

There is no argument or evidence in Plaintiffs' Motion that specifically demonstrates in any way that the Concord Defendants in particular directed or controlled Plaintiffs' work schedules, shift times, manner of work, disciple, wages, or other control relating to Plaintiffs' work. Again, as noted above, Plaintiffs simply lump all the defendants together in the hopes of finding some collective common policy to justify their attempt at a collective action. But the FLSA and Second Circuit require more even under the modest showing standard.

In cases involving multiple defendants who are a mix of individuals and separate businesses, a plaintiff must provide evidence that each defendant participated in the alleged common policy or plan to violate the FLSA. *See Johnson-Cradle v. KPS Affiliates*, 22-cv-1052, 2023 WL 3091675, at *5 (S.D.N.Y. April 26, 2023) (restricting notice to just one of two named defendants because plaintiff failed "to make the required showing that there existed a 'uniform unlawful policy' across both companies"); *see also Lubas v. JLS Group*, 18-cv-6611, 2020 WL 4210754, at *11 (E.D.N.Y. July 22, 2020) (restricting notice to 2 of 3 defendants because

"Plaintiffs have not provided sufficient evidence to show that there was a uniform policy or practice across all three employers") (emphasis in original); *Korenblum v. Citigroup*, 195 F. Supp. 3d 475, 483, 487 (S.D.N.Y. 2016) (dispute plaintiffs' "boilerplate allegations" about Citi being their joint employer, denying conditional certification because plaintiffs failed to offer evidence showing "that Citi bore any responsibility for" its vendors' pay practices); *Castro v. Spice Place*, 07-cv-4657, 2009 WL 229952, at *3 (S.D.N.Y. Jan. 30, 2009) (delaying conditional certification because "plaintiffs have not made the necessary showing that the [complained-of] actions were a reflection of a common policy, maintained by all defendants, in violation of the FLSA"). Put simply, even if there was some evidence that one of the several defendants may have violated the FLSA does not permit the fact finder to make the conclusion that the Concord Defendants also committed a FLSA violation. *Martin v. Sprint/United Mgmt. Co.*, 15-cv-5237, 2016 WL 30334, at *8 (S.D.N.Y. Jan. 4, 2016). Because Plaintiffs have not made any specific showing as to the Concord Defendants, their Motion should be denied.

### C.    Equitable Tolling is Not Presently Warranted.

Plaintiffs request the Court equitably toll the FLSA statute of limitations for the putative collective members from October 26, 2022 "until the close of any Court-ordered opt-in period." The Court should deny that request as well. "A plaintiff in an FLSA action does not 'represent any other employees until they affirmatively opt in to the collective action." *Duarte v. Tri-State Physical Med. & Rehab.*, 11-cv3765, 2012 WL 2847741, at *6 (S.D.N.Y. July 11, 2012) (quoting *Sandoz v. Cingular Wireless*, 553 F.3d 913, 919 (5th Cir. 2008)); *accord Louis v. Am. Telecomm.*, 540 F. Supp. 2d 268, 373 (E.D.N.Y. 2008) (named plaintiff in FLSA collective litigation "has no right to represent any other individuals unless they opt in to the action"). "Accordingly, the named plaintiffs have no authority to move to equitably toll the claims of the potential opt-in

7

plaintiffs." *Foster v. Sitel Operating Corp.*, 19-cv-148, 2020 WL 3485576, at \*4 (M.D. Tenn. May 22, 2020) (emphasis added, quoting *Atkinson v. Teletech Holdings*, 14-cv-253, 2015 WL 853234, at \*8 (S.D. Oh. Feb. 26, 2015)); *accord Sellers v. Sage Software*, 17-cv-3614, 2018 WL 5631106, at \*7 (N.D. Ga. May 25, 2018) (collecting cases and concluding that "[f]or those putative plaintiffs who have not yet opted into the suit, Plaintiffs . . . have no authority to seek equitable tolling on their behalf.").

Even if Plaintiffs had standing to pursue equitable tolling for unnamed parties, Plaintiffs' request for tolling is premature because the potential opt-in plaintiffs presently have no Article III "case or controversy" before the Court. A federal court cannot give advisory opinions concerning parties who are not presently before it, *Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982), and putative collective members who have not yet opted into this action are not parties before the Court. *Genesis Healthcare Corp.*, 569 U.S. at 75. Therefore, if the Court were to grant Plaintiffs' request for blanket prospective equitable tolling on behalf of potential opt-in plaintiffs, it would be issuing exactly the type of advisory opinion prohibited by Article III's "case or controversy" requirement. *U.S. v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (vacating tolling order for potential opt-in plaintiffs "as prematurely issued," given that such order applied to persons not yet before the court and thus rendered the order an advisory opinion); *accord Moses v. Griffin Inds.*, 18-cv-1200, 2020 WL 5813737, at \*5-6 (S.D.N.Y. Sept. 30, 2020) (denying request for equitable tolling because "the potential opt-in plaintiffs' cases are not currently before the court and the court has no jurisdiction over their claims").

Further, even if Plaintiffs had standing to request tolling on behalf of non-parties, tolling would still be inappropriate at this time. Equitable tolling is "a rare remedy to be applied in unusual circumstances, not [as] a cure-all for an entirely common state of affairs," *Wallace v.*

8

*Kato*, 549 U.S. 384, 396 (2007). The focus is not "with the diligence of a plaintiff who has already timely filed a claim, but rather with the diligence of a[n opt-in] plaintiff who is seeking the application of the doctrine." *Knox*, 282 F. Supp. 3d at 658. Because determining "[w]hether tolling applies to the claims of potential opt-in plaintiffs is a highly factual issue that depends on what and when a plaintiff knew or should have known—an inquiry that is simply impossible to conduct when opt in plaintiffs and the facts specific to them have not yet been revealed," *Alvarado Balderramo v. Taxi Tours*, 15-cv-2181, 2017 WL 2533508, at \*5 (S.D.N.Y. June 9, 2017), this Court has repeatedly concluded that equitable tolling issues should be resolved after expiration of the opt-in. Put simply, Plaintiffs' request for equitable tolling is premature and should be denied.

### D.    The Concord Defendants Join The Oppositions of Co-Defendants.

To avoid burdening the Court with additional pages of briefing, and given the overlap and duplicative nature of many of the arguments advanced by all defendants, the Concord Defendants expressly join and adopt the arguments and points being made by all co-defendants in their respective Opposition Briefs.

### CONCLUSION

For the foregoing reasons, the Concord Defendants respectfully request that the Court deny Plaintiffs' Motion for Conditional Certification.

9

Respectfully submitted,


ROGER VICTOR ARCHIBALD, PLLC

By: Roger V. Archibald, Esq.
*Attorneys for Defendants*
*Concord Limousine and*
*Concord Limousine 1, LLC*
26 Court Street, Suite 711
Brooklyn, NY 11242
718-237-1111
Brooklynatty@hotmail.com

10