UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

NASHAILY ORTIZ, ISAURA LOPEZ,
RUBEN LEMUS NAJARRO, NASHEMIR ORTIZ,
ADRIANNA GAMBOA, STEVEN ALLICOTT,
ROBERTO ROSARIO, JR., and STEPHANIE
BUNDRICK, on behalf of themselves and others
similarly situated,

                Plaintiffs,

  – against –

CONSOLIDATED EDISON COMPANY OF NEW
YORK, INC., CE SOLUTIONS GROUP, LLC, CE
SOLUTIONS INC., CE FLAGGING PLUS CORP., CE
RESERVE CORP., FLAGGING SPOTTING FLIPPING
SERVICES INC., ARGANI INC., NYC 2WAY
INTERNATIONAL LTD. d/b/a CTG CARS LLC,
CONCORD LIMOUSINE INC., CONCORD
LIMOUSINE 1, LLC, MARVELOUS MARK
TRANSPORTATION CO., INC., A & M TRANSPORT
TRANSPORS INC., 23 WEST GROUP INC.,
JEANNINE NAPOLEONE-COLBERT, in her individual
and professional capacities, HASSAN SABLINI, in his
individual and professional capacities, and NABIH
KOUBAISSY a/k/a NABIL SIMBA, in his individual
and professional capacities,

                Defendants.

-----------------------------------------------------------------X

Case No.: 1:22-cv-08957

**CE DEFENDANTS' ANSWER TO AMENDED CROSS-CLAIMS OF ARGANI DEFENDANTS AND CROSS-CLAIMS AGAINST ARGANI DEFENDANTS**

Defendants CE Solutions Group LLC ("CESG"), CE Solutions Inc. ("CES"), and NYC 2Way International Ltd. d/b/a CTG Cars LLC ("2Way") (collectively, "CE Defendants"), by their attorneys, Phillips Nizer LLP, as and for their Answer to the Amended Cross-Claims ("Cross-Claims") of Defendants CE Flagging Plus Corp., CE Reserve Corp., Argani Inc., and Hassan Siblini (collectively, "Argani Defendants"), state as follows.

    1. The second Paragraph 300 of the Cross-Claims states a legal conclusion to which no response is required. To the extent a response is required, the CE Defendants deny the

1

3811632.5

allegations contained therein.

2. The second Paragraph 301 of the Cross-Claims states a legal conclusion to which no response is required. To the extent a response is required, the CE Defendants deny the allegations contained therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

3. The Cross-Claims fail, in whole or in part, to state a claim upon which relief may granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

4. The Cross-Claims are barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

5. The Cross-Claims fail to allege facts sufficient for this Court to apply the doctrine of equitable tolling in this matter.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

6. The Cross-Claims are barred, in whole or in part, because the Argani Defendants are not entitled, in whole or in part, to the damages sought therein.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

7. The Cross-Clams are barred, in whole or in part, because the CE Defendants at all times acted in good faith and with a reasonable belief that their actions complied with state and federal laws and at no time did they willfully violate any of the laws pursuant to which the Argani Defendants bring the instant action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

8. The Cross-Claims are barred, in whole or in part, because the interests asserted therein do not constitute protectable interests as a matter of law.

3811632.5

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

9. The Cross-Claims are barred, in whole or in part, by the doctrines of equitable estoppel, waiver, avoidable consequences, laches and/or unclean hands.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

10. The Cross-Claims are barred, in whole or in part, because the Cross-Claims fail to state facts sufficient to entitle the Argani Defendants to an award of attorneys' fees.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

11. The Argani Defendants have failed to mitigate their damages, if any.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

12. The Cross-Claims for damages are barred to the extent they are speculative in nature.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

13. The Cross-Claims may be barred by payment, setoff, and/or accord and satisfaction.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

14. The Argani Defendants are not entitled to any declaratory or injunctive relief.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

15. The Argani Defendants did not sustain any damages as a result of the alleged acts or omissions of the CE Defendants.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

16. Pursuant to the Referral Agreements and Service Provider Agreement with the CE Defendants, the Argani Defendants must indemnify and hold harmless the CE Defendants.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

17. The CE Defendants reserve the right to assert and allege any other defenses which have not yet been asserted by reason of lack of knowledge of the facts pertaining to the Argani Defendants' Cross-Claims and/or which may subsequently become or may appear

3811632.5

applicable to some or all of the Argani Defendants' Cross-Claims.

**CROSS-CLAIMS AGAINST THE ARGANI DEFENDANTS**

**AS AND FOR A FIRST CROSS-CLAIM AGAINST THE ARGANI DEFENDANTS FOR INDEMNIFICATION**

18. The Argani Defendants executed two Referral Agreements and a Service Provider Agreement ("Agreements") with the CE Defendants covering the period from October 8, 2016 to the present in connection with services provided and to be provided to the CE Defendants. Copies of the Referral Agreement dated October 28, 2016, the Referral Agreement entered into as of July 1, 2018, and the Service Provider Agreement entered into as of May 26, 2022 are annexed hereto and made a part hereof as Exhibits A, B, and C, respectively.

19. Pursuant to the Agreements, the Argani Defendants provided workers for the construction projects of the Consolidated Edison Company of New York, Inc. ("ConEd").

20. All Agreements provide for the indemnification of ConEd and the CE Defendants by the Argani Defendants. By way of example, Paragraph 18 of the Referral Agreement entered into as of July 1, 2018 (Exhibit B), and the Service Provider Agreement entered into as of May 26, 2022 (Exhibit C), provide, in pertinent part:

> To the fullest extent allowed by law, the [Argani Defendants] agrees to defend, indemnify and hold harmless CESG, ConEd and its affiliates and their respective trustees, directors, officers, employees and agents, representatives, successors and assigns from and against all claims, damage, loss and liability, including costs and expenses, legal and otherwise, for injury to or the death of persons or damage to property, including the property of CESG or ConEd, or statutory or administrative fines, penalties or forfeitures resulting in whole or in part, from, or connected with, the performance of this Agreement by the [Argani Defendants] or any of its agents, servants, representatives or employees, and including claims, losses, damages and liabilities arising from the partial or sole negligence of CESG and non-parties to [this] Contract (including ConEd).
> **Exhibits B and C at 5.**

21. By reason of the foregoing, the CE Defendants are entitled to be indemnified by the

4

3811632.5

Argani Defendants against and held harmless from all claims asserted by Plaintiffs as well as any resulting damages.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST THE ARGANI DEFENDANTS FOR BREACH OF CONTRACT

22. The CE Defendants repeat and reallege each and every allegation contained in Paragraphs 18 through 21 of the CE Defendants' Cross-Claims with the same force and effect as if more fully set forth herein.

23. Paragraph 24 of the Referral Agreement entered into as of July 1, 2018 (Exhibit B) and the Service Provider Agreement entered into as of May 26, 2022 (Exhibit C) provides, in pertinent part:

The [Argani Defendants] shall comply with all federal, state, and local laws, executive orders, regulations, ordinances, rules, and safety codes applicable at the time of performance to services rendered hereunder. … Without limiting the generality of the foregoing, the [Argani Defendants] agrees to comply with the Fair Labor Standards Act and with the provisions of this Agreement as if fully set forth herein.
**Exhibits B and C at 8.**

24. The Argani Defendants hired all workers.

25. Plaintiffs allege violations of the FLSA and NYLL.

26. Any and all violations of the FLSA and NYLL are the responsibility of the Argani Defendants.

27. The CE Defendants performed their obligations under the Agreements.

28. Any and all violations of the FLSA and NYLL represent a breach of the Agreements.

29. By reason of the foregoing, the CE Defendants are entitled to damages from the Argani Defendants for breach of contract in amount to be determined at trial.

**WHEREFORE**, the CE Defendants respectfully request judgment as follows:

i.  Dismissal of the Argani Defendants' Cross-Claims

3811632.5

ii.  On the First Cross-Claim against the Argani Defendants, indemnification from the Argani Defendants;

iii. On the Second Cross-Claim against the Argani Defendants, awarding the CE Defendants damages in an amount to be determined at trial; and

iv.  Awarding such other and further relief as this Court deems just and proper.

Dated: New York, New York
       October 16, 2024

**PHILLIPS NIZER LLP**

By:  /s/ Evan J. Spelfogel
     Evan J. Spelfogel, Esq.
     David B. Feldman, Esq.
     Judith L. Swartz, Esq.
     Benjamin A. Rosenwein, Esq.
485 Lexington Avenue, 14th Floor
New York, New York 10017
Office: (212) 977-9700
Direct: (212) 841-0539
espelfogel@phillipsnizer.com
dfeldman@phillipsnizer.com
jswartz@phillipsnizer.com
brosenwein@phillipsnizer.com
*Attorneys for Defendants CE Solutions Group, LLC, CE Solutions Inc., NYC 2 Way International, LTD d/b/a CTG Cars LLC, and Jeannine Napoleone-Colbert*

TO:  All parties (via electronic filing)

3811632.5