UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| NASHAILY ORTIZ, ISAURA LOPEZ, RUBEN LEMUS NAJARRO, NASHEMIR ORTIZ, and ADRIANNA GAMBOA, on behalf of themselves and others similarly situated,<br><br>                Plaintiffs,<br><br>     -against-<br><br>CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., CE SOLUTIONS GROUP, LLC, CE SOLUTIONS INC., CE FLAGGING PLUS CORP., CE RESERVE CORP., FLAGGING SPOTTING FLIPPING SERVICES INC., ARGANI INC., NYC 2WAY INTERNATIONAL LTD. d/b/a CTG CARS LLC, CONCORD LIMOUSINE INC., CONCORD LIMOUSINE 1, LLC, JEANNINE NAPOLEONE-COLBERT, HASSAN SABLINI, EDWARD SLININ, DORA SLININ, GARY SAMUEL, and ALEXANDER GAVRILOV,<br><br>                Defendants. | Case No.: 1:22-cv-08957-JLR-GWG |

**DEFENDANT CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.'S
LIMITED OBJECTION TO MAGISTRATE JUDGE STEIN'S
AUGUST 8, 2025 REPORT & RECOMMENDATION**

Eli Z. Freedberg
Paul R. Piccigallo
Jennifer S. Kim
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022-3298
(212) 583-9600

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, Defendant Consolidated Edison Company of New York, Inc. ("Con Edison") respectfully submits this *limited* objection to United States Magistrate Judge Gary Stein's August 8, 2025 Report & Recommendation (the "R&R," Doc. 289), on the grounds that Judge Stein mistakenly concluded that it was "[un]necessary to reach [questions regarding the viability of] Plaintiffs' [Freelance Isn't Free Act] claims at" the motion to dismiss stage, because that claim was "pled only in the alternative." (*Id.* at 61 (internal quotation marks omitted)).[1] In all other respects, Con Edison does not object to Magistrate Judge Stein's R&R, or to his thorough and thoughtful analysis of the many other issues presented by the parties' respective briefs in connection with Defendants' motions to dismiss.[2]

## I.  BACKGROUND

Con Edison contracted with co-defendant CE Solutions Group, LLC ("CE Solutions") for traffic and flagging services on its utility maintenance, repair, and installation projects (R&R at 4). CE Solutions, in turn, "provides flaggers and spotters to Con Edison through various subcontractors" (*id.*), including the "Subcontractor" defendants.[3] Plaintiffs are traffic flaggers and parking spotters who worked for one or more of those Subcontractor Defendants (R&R at 5).

Plaintiffs filed a Second Amended Collective and Class Action Complaint (the "SAC") on August 7, 2024 (Doc. 210). Therein, Plaintiffs contend that the twelve different corporate defendants (Con Edison included) and three individual defendants together are their "joint

---

[1] Page references herein are to those assigned by the CM/ECF system, not a document's original page numbering.

[2] Of course, Con Edison, in all respects, denies Plaintiffs' claims in this action. While Judge Stein may have concluded that Plaintiffs have stated a claim upon which relief can be granted for pleading purposes, Con Edison has maintained, and continues to maintain, that discovery will not yield any evidence to support Plaintiffs' allegations. *See, e.g.*, *Moses v. Consolidated Edison Co. of N.Y.*, No. 18-cv-1200, 2024 WL 1329800 (S.D.N.Y. Mar. 28, 2024) (granting summary judgment in Con Edison's favor with respect to similar "joint employment" claims of wage and hour violations asserted by another vendor's traffic flagger employees).

[3] The SAC defines the "Subcontractors" as co-defendants CE Flagging Plus Corp., CE Reserve Corp., Argani Inc., Concord Limousine Inc., Concord Limousine 1, LLC, A&M Transport Transpors Inc., and 23 West Group Inc., along with individual defendants Hassan Sablini and Nabih Koubaissay (Doc. 210 at 1 & ¶ 2).

employers" and are liable for a variety of Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") wage and hour violations, and for their alleged failure to pay (or ensure the payment by the Subcontractors of) prevailing wages and benefits (*Id. passim*). The SAC also asserts a claim that Defendants violated New York City's Freelance Isn't Free Act ("FIFA") based on the conclusory allegation that "Con Edison, [the] CESG Defendants, and the Subcontractors" were Plaintiffs' "hiring parties" and did not ensure that the Plaintiffs receive timely payment of the compensation they were allegedly owed (*Id.*, ¶¶ 779-789).[4]

Con Edison moved to partially dismiss the SAC on September 27, 2024 (Doc. 230). Among other grounds, Con Edison explained that Plaintiffs' FIFA claim should be dismissed—at least to the extent asserted against Con Edison—because the SAC failed to plausibly allege that Con Edison was Plaintiffs' "hiring party" (*Id.* at 24-26). On August 8, 2025, Judge Stein entered his R&R. Therein, he concluded that it was "not necessary to reach" questions regarding the plausibility or viability of Plaintiffs' FIFA claim because that claim was "pled only in the alternative" (R&R at 61).[5] As a result, Judge Stein did not rule on the merits of Con Edison's argument, nor did he reach the question of whether the FIFA claim was plausibly pleaded.

---

[4] The SAC defines the "CESG Defendants" as co-defendants CE Solutions Group, LLC, CE Solutions Inc., and NYC 2Way International Ltd., d/b/a CTG Cars LLC (Doc. 210 at 1-2).

[5] Judge Stein also noted that Con Edison did not raise a challenge to the sufficiency of Plaintiffs' FIFA claim in relation to Plaintiffs' prior complaint (R&R at 57, n.14). That, however, is of no moment because Rule 12(g)(2) prohibits a defendant only from attempting to relitigate the defenses of Rules (12)(b)(2)-(5), and does not prohibit a defendant from raising a new Rule 12(b)(6) defense to an amended complaint. *Ballast v. Workforce7*, No. 20-cv-3812, 2024 WL 307966, at *5 (S.D.N.Y. Jan. 25, 2024) ("[T]he greater weight of case law in this District suggests that failure-to-state-a-claim arguments are not waivable and may be brought in a successive Rule 12 motion."), *reconsideration denied* 2024 WL 1530654 (S.D.N.Y. Apr. 8, 2024); *Indig v. Vill. of Pomona*, No. 18-cv-10204, 2021 WL 3773653, at *3 (S.D.N.Y. Aug. 24, 2021) ("Although Rule 12 bars successive motions premised on the differing defenses listed in Fed. R. Civ. P. Rule 12(b)(2)-(5) it does not necessarily prevent additional 12(b)(6) motions containing differing arguments.") (internal quotation marks omitted).

## II.   STANDARD OF REVIEW

When a motion to dismiss is referred to a magistrate judge, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). Objections to that recommendation may be filed with the Court, which must then "determine de novo [that] part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* The Court may also otherwise "modify or set aside any part of the order found to be clearly erroneous or contrary to law." *Id.*; *accord* 28 U.S.C. § 636(b)(1)(C).

## III.   ARGUMENT

### A.   The R&R Should Have Resolved The Question Of Whether The FIFA Claim Was Plausibility Pleaded

The R&R should have reached and resolved the question of whether the SAC states a plausible FIFA claim. "To be sure, litigants have substantial leeway under Rule 8(e) to plead alternative, and even inconsistent, claims. However, each alternative theory must itself be sufficient to state a claim, and factual allegations must be enough to raise a right to relief above the speculative level." *Kwan v. Schlein*, 246 F.R.D. 447, 451 (S.D.N.Y. 2007); *accord In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 407 (S.D.N.Y. 2001) (claim pled in alternative "must be sufficient standing on its own"); *Pecorino v. Vutec Corp.*, 934 F. Supp. 2d 422, 450 (E.D.N.Y. 2012) ("The notion that a pleading will not be dismissed if at least one of the alternative theories of relief is adequately pled, does not preclude the alternative claims from being dismissed if they do not state a cause of action.").

Accordingly, even though Plaintiffs' FIFA claim was pleaded in the alternative to their FLSA and NYLL claims, Rule 8 required the FIFA claim to be supported by sufficient factual

3

allegations "to raise [Plaintiffs'] right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, the R&R should have reached and resolved the question of whether the SAC plausibly pleads a FIFA claim. *See, e.g., Ward v. Cohen Media Publ'ns*, No. 22-cv-6431, 2023 WL 5353342, at *17 (S.D.N.Y. Aug. 21, 2023) (dismissing FIFA claim pleaded in the alternative to plaintiff's New York Labor Law claims, because she "ha[d] not adequately pleaded a FIFA claim"); *Money Tree Capital Funding v. Money Tree Cap. Mkts.*, No. 22-cv-10084, 2024 WL 4336761, at *10 (S.D.N.Y. Sept. 26, 2024) (dismissing negligence claim pleaded in the alternative because the complaint failed to allege facts sufficient to support that claim); *Catalano v. BMW of N.A.*, 167 F. Supp. 3d 540, 554-56 (S.D.N.Y. 2016) (dismissing manufacturing defect claim pleaded in the alternative to a design defect claim because allegations of complaint supported only a design defect claim); *Kwan*, 246 F.R.D. at 451-52 (dismissing copyright infringement claim pleaded in the alternative because "there are no factual allegations in the Second Amended Complaint that would serve as the basis" for that theory of recovery).[6]

### B. The SAC Does Not Plausibly Plead A FIFA Claim

The SAC does not plausibly plead a FIFA claim. FIFA regulates only "the relationship between 'freelance workers' and those who retain their services, the 'hiring party,' in New York City." *Ward*, 2023 WL 5353342, at *17. The phrase "hiring party" is specifically defined by FIFA

---

[6] To support his decision to not address whether Plaintiffs' FIFA claim was adequately pleaded, Judge Stein cited to this Court's decisions in *Pierre v. City of New York*, No. 20-cv-5116, 2021 WL 3887912 (S.D.N.Y. Aug. 31, 2021) and *LaSalle Bank Nat'l Assoc. v. Citicorp Real Estate*, No. 02-cv-7868, 2003 WL 21671812 (S.D.N.Y. July 16, 2003) (R&R at 61). In *Pierre*, the Court concluded that it did not need to reach the viability of an alternatively pleaded FIFA claim because the complaint's other "claims have been upheld." *Pierre*, 2021 WL 3887912, at *9. To support that proposition, the Court simply cited to its earlier *LaSalle* decision (*Id.*). But *LaSalle* does not stand for the proposition that an alternatively pleaded claim can survive a motion to dismiss without sufficient supporting allegations. Instead, the Court concluded in *LaSalle* that it need not reach questions concerning the viability of the defendant's third-party breach of duty claim because the defendant "concede[d] that" breach of duty claim would not be viable if the Court concluded (as it did) that the defendant's alternative breach of contract claim was plausibly pleaded. *LaSalle*, 2003 WL 21671812, at *5. Moreover, *Pierre* can hardly be reconciled with the Court's recent *Ward* decision, or any of the other decisions cited *supra*, which have held that whether a claim is pleaded in the alternative or not, that claim is subject to dismissal if it is not supported by plausible factual allegations.

4

as the "person who retains a freelance worker to provide any service." N.Y.C. Admin. Code § 20-927. In other words, "FIFA imposes obligations only on [the actual] 'hiring party,'" not its managers, majority members, or alleged joint employers. *Frisch v. Likeopedia*, No. 23-cv-3904, 2024 WL 3938345, at *1, 9 (S.D.N.Y. Aug. 26, 2024) (dismissing FIFA claim against company's manager, because it was the company, and not the manager himself, who hired plaintiff); *Monzano-Moreno v. Libqual Fence Co.*, No. 18-cv-161, 2021 WL 730663, at *18 (E.D.N.Y. Feb. 5, 2021) (in dismissing FIFA claim, noting that FIFA would apply only to the actual hiring defendant, and not the other defendants alleged to be plaintiff's joint employers).

As Con Edison previously explained, Plaintiffs' FIFA claim is due to be dismissed because the SAC concedes that Plaintiffs were not hired by Con Edison, but instead were "hired by one of the Subcontractors directly or by one of the owners and/or managers of CESG, CES, and/or 2Way, such as Colbert-Napoleone, Crystal, Tamika, April, or Gustavo" (Doc. 210, ¶ 225). More specifically, the SAC alleges that:

- Plaintiffs Nashaily Ortiz, Roberto Rosario, and Stephanie Bundrick were hired by the "CESG Defendants" (Doc. 210, ¶¶ 351, 576, 615), which is comprised of co-defendants Jeannine Napoleone-Colbert, CE Solutions Group, LLC, CE Solutions Inc., and NYC 2Way International Ltd.;
- Plaintiff Steven Allicott was hired by "Crystal," who supposedly works for the CESG Defendants (*Id*., ¶¶ 169, 540);
- Plaintiffs Isaura Lopez and Ruben Najarro were hired by "Gustavo," who they claim is "a manager and/or employee of Argani Defendants and Concord Defendants" (*Id*., ¶¶ 169, 388, 441), which are comprised of co-defendants Hassan

5

- Sablini, CE Flagging Plus Corp., CE Reserve Corp., Argani Inc., Concord Limousine Inc., and Concord Limousine 1, LLC;

- Plaintiff Nashemir Ortiz was hired by "[Jeannine] Napoleone-Colbert," who "manages and operates" the CESG Defendants (*Id.*, ¶¶ 123, 482); and

- Plaintiff Adrianna Gamboa was hired by "[Hassan] Sablini," who "owns and operates" CE Flagging Plus Corp., CE Reserve Corp., and Argani Inc. (*Id.*, ¶¶ 129, 516).[7]

Conversely, the SAC does not allege that Plaintiffs were hired by Con Edison (*Id. passim*). In fact, Magistrate Judge Stein noted the SAC's "lack of allegations about [Con Edison's] involvement in [Plaintiffs'] hiring process" in addressing the sufficiency of Plaintiffs' FLSA and NYLL claims, and concluded that the SAC's allegations "do not sufficiently plead that Con Edison [even] had the requisite power to hire" them (R&R at 46). As such, the SAC does not plausibly state a FIFA claim against Con Edison and should be dismissed. *See, e.g.*, *Frisch*, 2024 WL 3938345, at *1, 9; *Manzano-Moreno*, 2021 WL 730663, at *18; *Ward*, 2023 WL 5353342, at *17.[8]

---

[7] The SAC's allegations are consistent in this regard with Plaintiffs' sworn declarations submitted in support of their pending motion for conditional collective certification, as well as those of their colleagues. *See* Doc. 223-2, ¶ 31 (Plaintiff Nashaily Ortiz testifying she was interviewed and hired by the CESG Defendants); Doc. 223-7, ¶ 31 (same, for Plaintiff Rosario); Doc. 223-8, ¶ 31 (same for Plaintiff Bundrick); Doc. 223-6, ¶ 31 (Plaintiff Allicott testifying he was interviewed and hired by "Crystal," a "manager and/or employee of CESG Defendants"); Doc. 223-3, ¶ 31 (Plaintiff Lopez testifying that a CESG Defendant employee named "Guvstavo[,] interviewed me . . . [and] hired me"); Doc. 223-4, ¶ 31 (same, for Plaintiff Najarro); Doc. 223-5, ¶ 31 (Plaintiff Nashemir Ortiz testifying he was interviewed and hired by Jeannine Napoleone-Colbert, a CESG manager); Doc. 223-9, ¶ 31 (same, for declarant Marvin Rosado); Doc. 223-10, ¶ 31 (same for declarant Sanju Philip).

[8] Judge Stein's conclusion that the SAC does not plausibly allege that Con Edison hired Plaintiffs, or even had the power to hire Plaintiffs, calls into question his belief that *Monzano-Moreno* is distinguishable here. In the R&R, Judge Stein noted that *Monzano-Moreno* stands for the proposition that inadequate allegations "that defendants were employers or joint employers [i]s fatal to plaintiffs' claims that defendants were a hiring party under FIFA" (R&R at 60, n.15). Yet, Judge Stein simultaneously concluded that the SAC lacked "allegations about [Con Edison's] involvement in the hiring process," and failed to "sufficiently allege[] that Con Edison had the requisite power to hire" Plaintiffs (*Id.* at 46, 48). Given that FIFA liability is limited to the entity that actually hires a "freelance" worker (*Frisch*, 2024 WL 3938345, at *1, 9; *Monzano-Moreno*, 2021 WL 730663, at *18), and Judge Stein's conclusion that the SAC fails to allege that Con Edison was involved in the hiring of Plaintiffs, it seems clear that Plaintiffs' FIFA claim should have been dismissed.

6

IV.     **CONCLUSION**

In sum, Magistrate Judge Stein's R&R is thorough and generally well-reasoned. However, his R&R erred in failing to substantively address the properly presented question of whether the SAC plausibly states a FIFA claim against Con Edison. As explained above, the SAC does not state a viable FIFA claim. For this reason, the Court should not adopt that portion of the R&R and should instead dismiss Plaintiffs' FIFA claim to the extent asserted against Con Edison. In all other respects, the R&R should be adopted.

Dated: August 22, 2025
      New York, New York

*/s/ Eli Freedberg*
Eli Z. Freedberg
Paul R. Piccigallo
Jennifer S. Kim
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
(212) 583-9600

*Attorneys for Defendant Consolidated Edison Company of New York, Inc.*