UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NASHAILY ORTIZ, individually, and on behalf of all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al.,<br><br>Defendants. | Case No.: 1:22-CV-08957-JLR-GS |

**PLAINTIFFS' RESPONSE TO DEFENDANT
CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.'S OBJECTION TO
MAGISTRATE JUDGE STEIN'S REPORT AND RECOMMENDATION**

Plaintiffs Nashaily Ortiz ("Nashaily"), Isaura Lopez ("Lopez"), Ruben Lemus Najarro ("Najarro"), Nashemir Ortiz ("Nashemir"), Adrianna Gamboa ("Gamboa"), Steven Allicott ("Allicott"), Roberto Rosario, Jr. ("Rosario"), and Stephanie Bundrick ("Bundrick") (together, "Plaintiffs") respectfully submit this response to Defendant Consolidated Edison Company of New York, Inc.'s ("Con Edison") Objection (ECF No. 291) ("Objection") to Magistrate Judge Gary Stein's Report & Recommendation (ECF No. 289) ("R&R") finding it premature to address Plaintiffs' Freelance Isn't Free Act ("FIFA") claims at this stage of the action.

## BACKGROUND

After extensive briefing, Judge Stein issued a thorough and well-reasoned, 91-page R&R. Unhappy with that outcome, Con Edison makes a limited objection to Judge Stein's conclusion that it is premature to address Plaintiffs' FIFA claims in the Second Amended Complaint ("SAC") at the motion to dismiss stage of this action. In doing so, Con Edison simply reiterates the same arguments that were carefully considered and rejected by Judge Stein. Recognizing that Plaintiffs' FIFA claims, which are pled in the alternative, do not change the scope or nature of discovery in this action and that there is a relative dearth of case law interpreting the meaning of "hiring party" as used in FIFA, Judge Stein prudentially determined that it was unnecessary to reach Plaintiffs' FIFA claims at this stage of the action in light of his finding Con Edison was properly pled as a joint employer. Undeterred, Con Edison again invites this Court to take an inexplicably narrow view of FIFA's statutory language and opine unnecessarily about an unsettled area of New York law. The Court should decline this invitation and adopt Judge Stein's R&R in its entirety. In the alternative, should this Court choose to address Plaintiffs' FIFA claims, it should find that Plaintiffs have sufficiently alleged that Con Edison is a "hiring party" for purposes of FIFA based on the statute's plain text and legislative history.

1

**ARGUMENT**

I. **LEGAL STANDARDS**

With respect to dispositive motions, a district court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Federal Rules of Civil Procedure ("FRCP") 72(b)(3). A district court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018), *aff'd*, 837 F. App'x 841 (2d Cir. 2021) (summary order). "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a 'meaningless dress rehearsal.' . . . 'The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge.'" *N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Vega v. Artuz*, No. 97Civ.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)). "In addition, new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) (internal citation and quotation marks omitted); *see U.S. v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (rejecting argument raised for the first time as objection to report and recommendation). The Court may also otherwise "modify or set aside any part of the order found to be clearly erroneous or contrary to law." FRCP 72(b)(3); *accord* 28 U.S.C. § 636(b)(1)(C).

## II. JUDGE STEIN CORRECTLY RULED THAT IT IS PREMATURE TO ADDRESS PLAINTIFFS' FIFA CLAIMS

Strangely, Con Edison's Objection addresses the bulk of Judge Stein's reasoning that it is premature to address Plaintiffs' FIFA claims in a perfunctory footnote. Objection at 4. In his R&R, Judge Stein reasoned that because he concluded that Plaintiff properly pled that Con Edison was a joint employer of Plaintiffs, and Plaintiffs properly pled viable FLSA and NYLL claims, both of which are conclusions Con Edison does not object to here, the Court need not address Plaintiffs' FIFA claims (*see* SAC ¶¶ 779-99), as they are pled in the alternative. R&R at 56-61. This reasoning is on all fours with this Court's decisions in *Pierre v. City of New York*, No. 20-CV-5116 (ALC), 2021 WL 3887912, at *9 (S.D.N.Y. Aug. 31, 2021) and *LaSalle Bank National Association v. Citicorp Real Estate, Inc.*, No. 02-cv-7868, 2003 WL 21671812 (S.D.N.Y. July 16, 2003), which resolved this precise issue in the exact same manner. R&R at 59-61. Judge Stein, consistent with *Pierre*, identified and endorsed multiple prudential reasons for this way forward, including the dearth of case law squarely addressing the meaning of "hiring party" under FIFA, and how it interacts with concepts of joint employment, as well as the fact that Con Edison did not suggest discovery would be materially streamlined by dismissing Plaintiffs' FIFA claims while the FLSA and NYLL claims proceed. R&R at 60-61. Notably, Con Edison does not attempt to argue that dismissal of Plaintiffs' FIFA claims materially streamlines discovery in any way in its instant Objection either, thereby essentially ignoring the prudential concerns raised by Judge Stein.

Unable to raise any serious objection to the applicability of *Pierre* to this matter, Con Edison is left to argue that *Pierre* is somehow not viable law because it allegedly cannot be reconciled with this Court's decision in *Ward v. Cohen Media Publications LLC*, partially dismissing a FIFA claim in the motion to dismiss context, or a number of other non-FIFA cases that dismissed plainly deficient claims that were pled in the alternative. *See* No. 1:22-cv-06431

3

(JLR), 2023 WL 5353342, at *17 (S.D.N.Y. Aug. 21, 2023) (concluding that Plaintiff can only bring a FIFA claim for amounts related to nonpayment for articles she actually wrote because she admitted she was paid money for services performed under her contract and could "not point to any authority for the proposition that FIFA provides a cause of action for compensation for services Plaintiff did not perform, but would have performed, during the remainder of the term of the contract if she were not terminated"); Objection at 3-4. But *Ward* is easily distinguishable; the Court in *Ward* simultaneously dismissed a number of Plaintiff's NYLL claims, and moreover it dismissed a FIFA claim which was obviously deficient. Indeed, allowing the FIFA claim alleged in *Ward* to proceed would have required the Court to endorse a novel theory of the statute that the plaintiff herself did not bother explaining. Comparatively, as addressed below, endorsing Con Edison's arguments here requires strained statutory interpretation of New York law. In addition, neither *Ward* nor the other cases cited by Defendants implicate any of the prudential concerns animating *Pierre* or Judge Stein's well-reasoned R&R.

As Plaintiffs' FLSA or NYLL claims will proceed to discovery, it is unnecessary and premature to render decision on their alternative claims under FIFA at this early stage of the proceedings. The Court should decline Con Edison's invitation to opine unnecessarily about an unsettled area of New York law.

### III. ALTERNATIVELY, PLAINTIFFS' FIFA CLAIMS ARE ADEQUATELY PLED

That said, however, Plaintiffs have sufficiently alleged Con Edison is a "hiring party" under FIFA. The term "'hiring party' means any person who retains a freelance worker to provide any service[.]" N.Y.C. Admin. Code ("NYCAC") § 20-927(3). To the best of Plaintiffs' counsel's knowledge, no court has substantially interpreted FIFA's definition of "hiring party." Thus, the Court's analysis should be guided by "the plain language of the statute, as well as the legislative intent[,]" both of which require that Con Edison be deemed a hiring party. *In re Fairfield Sentry*

4

*Ltd.*, No. 11 Civ. 5905(AT), 2014 WL 112329, at *4 (S.D.N.Y. Jan. 8, 2014). Affording the term "retain" its ordinary meaning ("to keep in one's pay or service"[1]), the SAC clearly pleads that Con Edison qualifies as a hiring party under FIFA, as they paid the Flaggers and Spotters to ensure safety at Con Edison jobsites located on or near public roadways and sidewalks. Additionally, based on the FIFA's plain language, which defines a freelance worker as anyone "hired or retained as an independent contractor by a hiring party to provide services in exchange for compensation" (NYCAC § 20-927), Plaintiffs argue they need only plead that they performed services for Con Edison in exchange for compensation—a burden they easily carry.

In support of their imagined legal framework wherein they are immune from liability as to all Flaggers and Spotters or independent contractors under all wage-and-hour laws, Con Edison doubles down on their claim that only CESG Defendants[2] hired Employees. Plaintiffs assert they have sufficiently alleged that CESG Defendants were hiring parties for purposes of FIFA. *See* SAC ¶¶ 782, 784, 793, 795. Con Edison refuses to acknowledge similar allegations made against it in the SAC, wherein Plaintiffs allege in no uncertain terms that Con Edison hired them to perform flagging and spotting services at their jobsites in exchange for an hourly wage. *See id.* ¶¶ 246, 253-54, 322-30. Further, Plaintiffs specifically allege that CESG Defendants and Con Edison classified them as independent contractors and paid them using 1099 Forms pertaining to freelance work. SAC ¶¶ 227, 256-58, 260-62, 351, 387, 429-31, 440, 481, 514, 539, 575, 614. To the extent Con Edison argues that Plaintiffs' allegations and affirmations that they were hired by CESG Defendants somehow excludes them from plausibly being "hiring parties" for the purposes of

---

[1] *See* Merriam-Webster, https://www.merriam-webster.com/dictionary/retain (last visited September 4, 2025); *see also Perrin v. U.S.*, 444 U.S. 37, 42 (1979) ("A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning.").
[2] Defendants CE Solutions Group, LLC, CE Solutions Inc., NYC 2Way International Ltd. d/b/a CTG Cars LLC, and Jeannine Napoleone- Colbert are collectively referred to as "CESG Defendants". *See* SAC at 1-2.

FIFA, as addressed above, this argument clearly cuts the plain and ordinary meaning of the word "retain" out of the statute entirely.

Despite the dearth of cases interpretating the definition of "hiring party" under FIFA, Con Edison attempts to use *Monzano-Moreno v. Libqual Fence Co., Inc.*, No. CV 18-0161 (MKB) (AKT), 2021 WL 730663, at *18 (E.D.N.Y Feb. 5, 2021) and *Frisch v. Likeopedia, LLC*, No. 23 Civ. 3904 (VM), 2024 WL 3938345, at *1, *9 (S.D.N.Y. Aug. 26, 2024) to support its own self-serving definition of hiring party that reads the word "retain" out of the statutory definition of "hiring party" completely. Objection at 4-5. But as Judge Stein pointed out in his R&R, Defendants' reliance on *Monzano-Moreno* is misplaced; *Monzano-Moreno* found that as the moving defendants could *not* be liable as employers or joint employers under the FLSA and NYLL, "for similar reasons," they would not be a hiring party for FIFA purposes, a conclusion that has no force for a case such as this, where there *are* plausible allegations of joint employer status. *Monzano-Moreno*, 2021 WL 730663, at *18; R&R at 60. In an attempt to muddy Judge Stein's analysis, Con Edison confuses Judge Stein's assessment of the "hiring or firing" prong of the joint employment inquiry with the separate statutory analysis of whether Con Edison is a "hiring party" under FIFA. But it is not obvious, nor does Con Edison explicitly explain, why these inquiries would necessarily be the same, or why the Court should ignore the plain statutory text and legislative text of FIFA to borrow one prong of joint employer analysis in determining whether Con Edison is a "hiring party" under FIFA. Con Edison seeks to confuse the issues in order to lure the Court into making a bold and unreasoned interpretation of New York law.

For its part, the *Frisch* decision, not addressed in Judge Stein's R&R yet cited in Con Edison's Objection, is even more readily distinguishable to this matter. *Frisch* did not involve any FLSA or NYLL claims at all, much less the well-pled allegations of joint employment at issue

here, and did not engage in any meaningful analysis of the statutory meaning of "hiring party" under FIFA when it partially dismissed an Individual Defendant. *Frisch*, 2024 WL 3938345, at * 9.

Put simply, Con Edison's strained reading of FIFA should not be adopted. It not only defies the statute's plain language but would also lead to absurd results contrary to the statute's purpose. Namely, it would allow companies to avoid liability by simply refusing to contract directly with freelancers and prevent anyone deemed an employee from collecting payment for freelance work they perform outside of their full-time jobs. This exceedingly narrow reading contravenes FIFA's plain text and flies in the face of its legislative history.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court overrule Con Edison's Objection to Judge Stein's R&R and adopt the R&R in its entirety. In the alternative, should the Court address Plaintiffs' FIFA claims, it should find that Plaintiffs have sufficiently alleged that Con Edison is a "hiring party" for purposes of FIFA.

Dated: September 5, 2025  
New York, NY

Respectfully submitted,

**FARUQI & FARUQI, LLP**

By: */s/ Shawn R. Clark*  
Shawn R. Clark

685 Third Avenue, 26th Floor  
New York, NY 10017  
Tel: 212-983-9330  
Fax: 212-983-9331  
sclark@faruqilaw.com

*Attorneys for Plaintiffs, the Proposed FLSA Collective, and the Proposed Class*

7